WILLIAM C. SKINNER *et al.*, Plaintiffs in Error, v. S.
M. HITT *et al.*, Defendants in Error.

**Kansas City Court of Appeals, November 19, 1888.**

**Partnership**: DISSOLUTION: APPLICATION OF PAYMENTS. An agreement between partners at time of dissolution, that the continuing partner would pay all the firm obligations, only binds the parties making it, and leaves the retiring partner still liable to creditors of the partnership, and he has the right to inquire into the application of a payment which has been made for the purpose of discharging his own debt.

*Error to Jackson Circuit Court.*—HON. TURNER A.
GILL, Judge.

AFFIRMED.

The case is stated in the opinion.

*Henry Wollman*, for the plaintiffs in error.

(1) Elkins (or his estate) has no standing in court to complain as to the application made by plaintiffs of the money sent to them by Hitt. It was not Elkins' money. It was Hitt's, and if he chose to acquiesce in, or not complain at the application thereof made by plaintiffs, then what status or standing does Elkins have to complain? The plaintiffs owed him no duty with reference to money which they got from Hitt; he had no lien or claim upon the money; he had no interest in it. It is not even attempted to be shown, if it cut any figure, that this money came from a fund out of which it was agreed between Hitt and Elkins that the partnership debts should be paid. Hitt sends his own money to plaintiffs; they apply it; Hitt makes no complaint or objection as to their manner or method of crediting;

he is entirely satisfied, but Elkins is allowed successfully to complain of the application of money not his own, and in which he has no interest. Hitt sent the money to plaintiffs, they sent receipts showing that they credited it to S. M. Hitt & Co. He is silent, offers no objection; he is sued upon the account, makes no answer, and thus, from beginning to end, makes not a single complaint that his money has not been properly credited, and yet Elkins is allowed to successfully insist that Hitt's money, with which he has nothing to do, should have been credited on his account. It cannot be denied if Hitt had sent in money and specifically directed its application to the Hitt & Elkins account, and plaintiffs had said "no, we'll put it on the other account," and he had said "all right," that he could not at any time afterwards have insisted on this being changed, and that Elkins could not have done so, the reason being that Hitt alone had the right to direct the application of his own money, and Elkins, as it did not come out of his funds, could not control that. In this case, even should it be conceded that plaintiffs applied the money improperly, Hitt alone having the right to control the application of the payment, and having acquiesced therein, by not objecting when he was notified by plaintiffs' receipts that the money had been credited to the S. M. Hitt & Co. account, it is certainly difficult to understand upon what theory Elkins can complain of the application of Hitt's money to his own account, and even though the plaintiffs were wrong in applying Hitt's money to his account, yet unless he chooses to object, what is there to give Elkins the right to complain of the way the money of some one else is applied, that other person having gotten full credit therefor? (2) The plaintiffs had no right to apply these payments otherwise than upon S. M. Hitt & Co.'s account. The first check signed S. M. Hitt & Co. came from S. M. Hitt & Co., and as there were no instructions to apply it otherwise, plaintiffs would have had no right to have applied the money upon any other account than that of the parties sending the money.

*Karnes & Krauthoff,* for the defendants in error.

(1) Hitt had agreed with Elkins to assume the payment of the account in question. While this did not release Elkins, so far as the plaintiffs were concerned, it gave Elkins the right to compel Hitt to carry out his contract and gave him a sufficient interest in the payments made by Hitt to inquire into their application. The account due from Hitt and Elkins could have been collected from either or both of them. Payments by one could be pleaded by the other. So that if Hitt made a payment on this account, Elkins having the right to plead it, is in all respects entitled to make the same question concerning it, as against these plaintiffs, as Hitt could himself. (2) "It is not essential that there should have been an express declaration by the debtor at the time of the payment as to the account to which he intended such payment to be applied. Such intention may be proved either by the previous or by the subsequent declarations of the debtor. And even in the absence of any declaration on the subject it may be collected from other circumstances that the debtor intended, at the time of the payment, to appropriate it to a specific account. Where, therefore, A., who had large demands against B. upon bill transactions with himself and also as agents for several persons to whom B. had granted annuities secured by C., caused an attorney to make application to B. and C. on behalf of these annuitants; and B., in consequence of that application and the remonstrances of C., paid certain sums of money to A., without making any specific appropriation of them at the time of payment; it was held that A. must be considered as having received them on account of the annuitants." 2 Chitty on Cont., 1112, 1113 ; *Shaw v. Picton,* 4 B. & C. 715. The gist of this ruling is, that the demand, the "dun," if you please, having been in relation to a particular account, a payment made in response thereto implied an intention that it should be

applied accordingly. It is held that the debtor's direction to apply may be inferred from previous communications between the parties, and that there is no need of an express direction if the circumstances referred to warrant the inference that the payment was to be made on a particular debt. If so, the payment will be held to be applied accordingly, even though the creditor has applied it otherwise. *Gwinn v. McLain*, 62 Miss. 121, 124; *Lanten v. Rowan*, 59 N. H. 215, 217; *Stone v. Seymour*, 15 Wend. 19, 24, 25. (3) In this case the plaintiffs say they sent receipts to S. M. Hitt & Co., but there is no satisfactory evidence that S. M. Hitt & Co. knew that the credits had been entered up on their account and not on that of Hitt & Elkins, of the latter of which alone remittance had been demanded. Hitt himself paid little attention to the forms of the receipts for the very satisfactory reason given by him that " of course, he understood that it would be applied on the old account." Even if he could have been said to acquiesce in this matter from want of an objection, this would not answer the demands of the rules, which are that the assent of the debtor shall be " express," not merely one implied from acquiescence.

ELLISON, P. J.—This suit is for a balance on an account alleged to be due plaintiffs from the firm of Hitt & Elkins. Hitt & Elkins were partners as merchant tailors in Kansas City, and plaintiffs are wholesale merchants of Chicago. Elkins retired from the firm in May, 1885, Hitt assuming all of the firm's liabilities and continuing in the business under the name of S. M. Hitt & Co. Among the liabilities at the dissolution was the claim in suit. The case was tried without the aid of a jury, and the only question presented was as to the application of payments made by Hitt. Plaintiffs claim that they were and should have been applied on the account which S. M. Hitt & Co. made with them after the dissolution of the firm ; while defendants contend that they should be applied on the old account due from Hitt & Elkins. Evidence was heard on this question

which tended to support the contention of each ; the lower court passed upon that evidence, and we will not disturb the conclusion reached. Hitt and Elkins were both sued ; Elkins afterwards dying, his executrix Ada H. Elkins was substituted as defendant and she adopted the answer of the deceased. Judgment by default was taken against Hitt, and plaintiffs raise the point that, as Hitt is making no complaint, Elkins has no standing in court to contest the application of payments made by Hitt. There is nothing in this. The agreement between Hitt and Elkins was that Hitt would assume and pay all firm obligations. This agreement only bound them and left Elkins still liable to plaintiffs. Elkins has, undoubtedly, the right to inquire into the application of a payment which has been made for the purpose of discharging his own debt.

The judgment, with the concurrence of the other judges, is affirmed.