REYNOLDS *et al.*, *Appellants*, v. KROFF *et al.*

### Division One, June 8, 1898.

1. **Deed of Trust:** POWER IN TRUSTEE TO APPOINT SUCCESSOR. A deed of trust contained this clause: "In case of the death, refusal to act or inability to act of" Leverett B. Sidway as trustee "then Henry T. Sidway is hereby appointed successor in trust to said party of the second part, under this deed with the same power and authority as said trustee. And it is further understood and agreed that said Leverett B. Sidway may and upon the request of the legal holders of said notes secured thereby, shall, at any time hereafter, resign the trust hereby created and, by writing under his hand and seal duly and properly acknowledged, appoint a trustee, as may be directed by the holder of said notes, as his successor in said trust, and upon the filing of such instrument of appointment for record, the said premises and the title thereto and the trust aforesaid shall immediately become vested in such appointee." The trustee, Leverett B. Sidway, was the agent for this State of a loan company, and after consultation with its general manager, it was agreed that one Childers should be appointed trustee, in writing, etc., to make the sale under the deed of trust. *Held*, that the power of sale devolved on Henry T. Sidway only in case of the death, resignation or inability of Leverett B. Sidway as trustee; *that* the appointment of Childers was clearly within the purview of the deed of trust; *that* the written appointment of Childers by Leverett B. Sidway amounted to a resignation as trustee by himself; *and* that it was not necessary for Henry T. Sidway to join in the appointment of Childers.

2. ——: ——: ESTOPPEL. Under the circumstances of this case it is held that the maker of the deed of trust is estopped from asserting that the trustee named in the instrument did not have power to appoint a successor to sell the land.

3. **Evidence:** EQUITY: EXCEPTIONS. In equity cases the appellate court does not pass upon exceptions to the admission or rejection of evidence, if all the evidence is in the record for the court's consideration.

*Appeal from Greene Circuit Court.*—Hon. James T. Neville, Judge.

AFFIRMED.

*Rechow & Pufahl* for appellants.

(1) A letter press copy is only secondary evidence, and no effort having been made to secure the original, the court clearly erred in admitting the same over plaintiff's objection. *Traber v. Hicks*, 131 Mo. 189. (2) The power must be strictly followed. There was no power under the evidence in this case for Leverett B. Sidway to appoint Childers. *Stine v. Wilkson*, 10 Mo. 93; *Bales v. Perry*, 51 Mo. 451; *Stoffel v. Shroeder*, 62 Mo. 149; Perry on Trusts [2 Ed.], sec. 511; Jones on Mort. [Ed. 1878], secs. 1788–1790. (3) In default or refusal to act by Leverett B. Sidway the power to sell under the deed of trust devolved upon Henry T. Sidway, and the appointment of Childers as trustee was void. Perry on Trusts [2 Ed.], secs. 288, 289; *Whittelsey v. Hughes*, 39 Mo. 13; *Spurlock v. Sproule*, 72 Mo. 508; *Long v. Long*, 79 Mo. 644; *St. Louis v. Priest*, 88 Mo. 613; *Cassady v. Wallace*, 102 Mo. 575. (4) There was no evidence that the holders of the notes ever directed the sale of the land, much less directed the appointment of a new trustee. If sold without such direction, the sale was void. *Magee v. Burch*, 108 Mo. 341; *Miller v. Boone*, 23 S. W. Rep. (Tex.) 575. Childers was the attorney of the Sidways and was not a proper person to appoint. *In re Mayfield*, 17 Mo. App. 684. (6) The reservation of the nursery stock by Childers, even if he had power to make the sale, makes

it void. If any right authorized to be sold under the deed of trust was not sold, then the sale is void. 2 Wash. on Real Prop. [3 Ed.], p. 75; *Torrey v. Cook,* 116 Mass. 163. (7) A trustee can not delegate his power or act by agent. *Harper v. Mansfield,* 58 Mo. 23; *Landrum v. Bank,* 63 Mo. 51; *Cassady v. Wallace,* 102 Mo. 575; *St. Louis v. Priest,* 88 Mo. 613. (8) Under the facts in the case there was no estoppel. *Bales v. Perry,* 51 Mo. 452; *Spurlock v. Sproule,* 72 Mo. 508; *Berlien v. Bieler,* 96 Mo. 491.

*Wm. O. Mead* and *T. T. Loy* for respondents.

(1) The appointment of Childers by Sidway as his successor to execute the trust was clearly within the powers conferred by the deed of trust. (2) The plaintiff, Reynolds, was present at the sale directing the manner thereof, encouraged and urged bidders to bid, telling them the highest bidder was his best friend, and bid himself, and afterward acquiesced therein and leased the land from the defendant Kroff, the purchaser, and stood by and saw Kroff improve the land and pay the taxes thereon after having paid his bid of $4,176, without objection or warning to Kroff, or claim of ownership on his part. Under this state of facts, he can not now be heard to complain, and is by his said acts and conduct estopped from asserting any right in or to the premises in question as against the defendant Kroff.

ROBINSON, J.—Plaintiff being the owner of a farm of three hundred and twenty-six acres in Dallas county on March 9, 1891, conveyed the same to one of the defendants, Leverett B. Sidway, as trustee, to secure the payment of two principal notes of $1,800 each, of even date therewith, payable on the first day of June,

1896, and five coupon interest notes of $125 each, with interest thereon at the rate of ten per cent per annum after maturity, payable respectively on the first day of January in each and every year thereafter until the maturity of said principal notes; all of said interest and principal notes being payable at the office of Sidway, Bogue & Company, Chicago, Illinois, to the order of plaintiff and by him indorsed in blank. The trust deed provided that in case of default in the payment of the principal and interest notes, or any part thereof, according to the tenor and effect thereof, or in case of the non-payment of taxes, the whole of said principal sum and interest secured by said notes shall thereupon become due and payable. The deed of trust further provided that "in case of the death, refusal to act or inability to act of the said party of the second part, then Henry T. Sidway, of said city of Chicago, is hereby appointed successor in trust to said party of the second part, under this deed with the same power and authority as said trustee. And it is further understood and agreed that said Leverett B. Sidway and his successor and successors may, and upon the request of the legal holders of said notes secured thereby, shall, at any time or times hereafter, resign the trust hereby created, and shall upon such resignation, by a writing under his or their hands and seals duly and properly acknowledged, appoint a trustee or trustees, as may be directed by the holder of said notes, as his or their successor or successors in said trust, and upon the filing of such instrument of appointment duly acknowledged, and with the proper certificate of acknowledgment appended thereto, as required by law in the case of conveyances of real estate, for record in the recorder's office of the county in which said lands are situate, the said premises and the title thereto and the trust aforesaid, shall there-

upon, and by force of said appointment, and of the filing thereof for record as aforesaid, became immediately vested in such appointee or appointees upon the trusts with all the powers aforesaid.'' This deed of trust was duly signed, acknowledged, filed for record, and recorded in the recorder's office of Dallas county, on April 3, 1891. Default having been made in the payment of the interest coupon notes falling due on the first of January, 1894, amounting to the sum of $270, the trustee, Leverett B. Sidway, in pursuance of the powers conferred by said deed of trust, on March 7, 1894, by an instrument in writing appointed the defendant Childers as trustee in place of himself and in his stead, to execute and carry out the trusts and powers contained in and given by the deed of trust. This deed of appointment was signed and acknowledged by Leverett B. Sidway, and filed for record on the twenty-first of March, 1894, in the recorder's office of Dallas county, and thereupon the defendant Childers, in pursuance of the powers contained in the deed of trust, advertised and sold the mortgage premises on April 30, 1895, at public vendue and conveyed the premises to defendant Kroff for $4,176. At the time the sale took place under the deed of trust plaintiff was in possession of the mortgaged premises, and in July, 1894, surrendered possession of a portion thereof to defendant Kroff, and in September following leased the remaining portion of said premises from Kroff for a term ending March 1, 1895, and turned over to said Kroff a portion of the crop grown on the land in payment therefor. Plaintiff continued in possession of that portion of the premises so leased by him until the expiration of his tenancy, and at the expiration of the time for which he had leased the premises, he commenced this proceeding in the Dallas circuit court against Eugene W. Kroff,

Leverett B. Sidway and James Childers, to set aside the sale under said deed of trust and redeem.

The petition for grounds of relief, sets out, among other things, in substance, after reciting the facts in relation to the plaintiff's ownership of the land and the execution of the notes and deed of trust under consideration, that notwithstanding the powers of the appointment of a successor did not lie in Leverett B. Sidway, yet he attempted the exercise of such power, and without any legal authority to do so, by an instrument in writing, appointed defendant Childers as trustee to execute the trust and powers in the deed of trust specified; that in April, 1894, said Childers, presuming to act under the powers contained in the deed of trust, sold the premises in question and defendant Kroff became the purchaser thereof for the sum of $4,176, and took from the defendant Childers a trustee's deed conveying the real estate to him, which deed is duly recorded in the recorder's office in Dallas county. The petition further alleges that the said premises are reasonably worth $10,000; that in pursuance of a combination to cheat and defraud plaintiff out of said premises, defendant Kroff instituted five ejectment suits against plaintiff and his tenants for the possession of said premises, and notified him that he would apply for the appointment of a receiver, thereby harassing and annoying plaintiff until he was finally induced to lease said premises from said Kroff and recognize him as his landlord; that at the time of the execution of the lease plaintiff was not aware that the deed of appointment and sale thereunder were not made in accordance with the power given in the deed of trust, or that the alleged combination existed between Childers and Kroff. The petition further charges that on the day of the sale, in pursuance of certain negotiations between the plaintiff

and the defendant Kroff and his father, Charles Kroff, a lawyer who was acting for his son in the matter of the purchase of said premises, it was mutually agreed that in the event Charles or Eugene Kroff became the purchaser at the trustee's sale, they would convey to plaintiff's wife the homestead containing about seventeen acres of land upon the payment of $250; that plaintiff not knowing of the combination or want of power in the trustee and believing that a valid title would pass by such sale, was thereby lulled into security and made no effort to find parties able to make the property bring its fair market value; and that by reason of the want of power and the acts of the defendants, the bidding at said sale was suppressed and the property did not bring one half of its market value.

The defendants Sidway and Childers answered, averring the ownership of the land in plaintiff, the execution of the mortgage, and affirming the regularity of the sale, but denying each and every other allegation in the petition contained. The answer of the defendant Kroff, after denying the other allegations of the petition, admits that plaintiff was the owner of the premises in question, and executed the deed of trust aforesaid upon same, and averred, in substance, that after the real estate was advertised for sale by the acting trustee, Childers, plaintiff actively induced him and others to bid on the land at the sale, and that during the progress of the sale plaintiff publicly invited defendant and others to bid on said land, assuring all bidders that the purchaser at such sale would acquire a perfect title to said land; that he was induced to bid at the sale and buy the land by such conduct and acts on the part of the plaintiff; and that he is now estopped from asserting or claiming any right, title or interest in the land as against him, the

highest and best bidder at the trustee's sale; that plaintiff was personally present at said sale and fully approved and ratified the act of said Childers and advised said Childers to sell said land to the best advantage, dividing it up into tracts, and requesting it to be sold in such tracts, and made no objection whatever to the sale, or any act of the trustee in relation thereto; and that after he bought said land at such sale, the plaintiff acquiesced in and ratified his purchase, and all the acts of Childers, acting as trustee, in relation to the sale thereof, and afterward rented said land from him as his landlord and paid a portion of the rents agreed upon, and never set up any claim to the land until his time as defendant's tenant had expired; that he bought the land in good faith, paying therefor $4,176, and has expended the further sum of $1,000 in improving same.   Plaintiff filed a replication. On defendant's application the venue was changed to Greene county, where the case was heard, resulting in a finding for defendant against plaintiff, dismissing his bill, from which finding and decree the plaintiff has appealed to this court.

The evidence utterly fails to show any fraud, collusion or combination between Childers and Kroff looking to a sale of the mortgaged premises under the deed of trust whereby Childers should have any interest therein whatever.   It was publicly stated by Childers and fully understood by those present at the sale, that Sidway, Bogue & Company would loan the principal of the mortgage indebtedness to any responsible party who might buy in' the property, and take the premises for security, provided the purchaser at the sale would pay the accrued interest upon the principal sum loaned and all the expenses of the sale, and with this understanding Kroff bid the land in at the sale and gave his notes for the sum of $3,600, and secured the payment

of the same by a deed of trust on the real estate pur-
chased, and paid the acting trustee, Childers, the sum of
$576, being the difference between that amount and his
bid.    The sale seems to have been conducted through-
out by Childers with the utmost fairness.

The allegation in the petition with respect to the
agreement between plaintiff and Charles Kroff, the
father of the defendant Kroff, that the latter should bid
the property in at the trustee's sale and afterward con-
vey the homestead, consisting of the seventeen-acre
tract, to plaintiff's wife, thereby lulling plaintiff into
security and causing him to abstain from looking up
bidders to make the property bring its full market value,
is not sustained by the evidence.    On the contrary the
record shows that on the morning of the day on which
the sale took place, Kroff and his father went out to
look at the farm with the view of bidding on it at the
ensuing trustee's sale, and while enroute met plaintiff
on his way to Buffalo to attend the sale.    Upon inform-
ing plaintiff that they were going out to examine the
farm with the view of bidding in the land at the sale,
he expressed satisfaction and referred them to his son-
in-law Yarborough, saying that he was at home and
would show them around.    On their return to Buffalo,
in the course of a conversation between plaintiff and
Kroff's father relative to the purchase of the land at
the trustee's sale, the proposition was made to Charles
Kroff, in substance, that the land should be purchased
at the sale for his son, and trustee's deed taken to him
for the entire premises, whereupon Kroff would convey
the seventeen-acre tract heretofore mentioned to plain-
tiff's wife, in consideration of $250, to be paid when
plaintiff and his wife were able.    Defendant Kroff, how-
ever, declined to buy or take the property under such
an arrangement, and his father notified plaintiff after
conferring with the son, that he would not take the place

unless he could get the whole farm. When the land was offered for sale, plaintiff desired Childers to sell it in the smallest legal subdivisions, and gave him a memorandum or plat prepared by plaintiff, dividing the land up into tracts. Whereupon Childers publicly announced that the land would be first sold in tracts, and then put up as a whole, and whichever way it brought the most it would be sold. The evidence further showed that when the land was offered in tracts, plaintiff made several bids upon different forties, and while the bidding was going on, plaintiff made the public announcement, "Gentlemen, don't stand back about bidding on my account; the man who makes the land bring the most money is my best friend." When the land was offered in tracts Kroff made no bids whatever on any part of it, but when the land was offered as a whole, he ran it up to $4,176, this being in excess of what the premises brought when offered in tracts, thus indicating that the land was not acquired under such an arrangement as claimed by plaintiff.

The plaintiff's main contention is that Leverett B. Sidway, trustee named in the deed of trust, had no power, under the circumstances disclosed by the record, to appoint Childers to make the sale, and that the appointment of Childers, as trustee in place of Sidway, was unauthorized by the deed of trust and void. It appears from the record at the time the deed of trust was executed and the trustee's sale thereunder took place, Leverett B. Sidway was engaged in the business of placing real estate loans on farm lands in Missouri and other western States for the American Trust and Agency Company of Edinburg, Scotland (a corporation under the laws of Great Britain), and other investors, and negotiating and selling loans already made on farm lands to such investors as desired to handle that class of securities. After a loan was made, Sidway and

his associates had the entire charge of the collection of the principal and interest as they matured on such loans, and in case such loans were not paid or renewed at maturity, said Sidway, who resided in Chicago, on behalf of such note owners, had entire charge of the foreclosure of such mortgage loans and deeds of trust and the sales thereunder. Sidway was the general western agent for the American Trust and Agency Company, and handled their western business, and while in Europe, before the sale of plaintiff's land, he had a conversation with the general manager of the company relative to the western investments made by him for the company, and the general management thereof, in which it was suggested by him that in case it became necessary to foreclose on any loans made by him, in view of the great expense involved in his going out to make the sales, it would be advisable for him, Sidway, to appoint some one else as trustee under the power contained in the deeds of trust, to sell the land, and he suggested the defendant Childers as such trustee, to make such sales as might be necessary in his section of the country, which suggestion was approved by Mr. Martin in his capacity as general manager of said company.

Shortly after the maturity of the interest coupon notes for 1894, having received notice from the collector of Dallas county that suit would be brought for delinquent taxes against the land in controversy, unless paid forthwith, Sidway directed Childers to investigate the matter and ascertain what arrangements could be made towards paying or securing the accrued interest; proposing, in the event adequate security could be obtained, to extend the time for paying the interest coupons, and that he would advance the money with which to pay the taxes. On being informed of plaintiff's inability to pay or secure either

the taxes or accrued interest, Sidway, by an appropriate instrument in writing, in pursuance of the authority conferred by the deed of trust and in reliance on the arrangement heretofore mentioned between him and the general manager of the American Trust and Agency Company, appointed Childers trustee in place of himself to execute the power of sale contained in the deed of trust, and forwarded the deed of appointment, accompanied by the past due coupon notes, to Childers, with instruction to advertise and sell under the deed of trust. The appointment of Childers as trustee, in our opinion, clearly within the purview of the trust under consideration, and as already stated, was authorized by the holder of the notes secured thereby. The power of sale given by the deed of trust is a mere creature of contract, and not of law, and only devolved upon Henry T. Sidway in case of death, refusal or inability to act of Leverett B. Sidway. In view of the evidence showing defendant Leverett B. Sidway's appointment of Childers as trustee to execute the powers given in the deed of trust, his active participation in the collection, management and control of the loan in question up to and including the day of the sale, it certainly can not be said that he was either dead or that he declined to act.

But it is objected by counsel for appellant that it was necessary for Leverett B. Sidway to resign before the appointment of his successor could be made. The appointment of Childers clearly operated as such resignation, and if not, the suggestion of the general manager, Mr. Martin, may be treated as a request to resign in favor of some one who could more easily execute the trust. By the terms of the instrument appointing Childers, Sidway expressly abrogates his power thereunder and confers the same upon the trustee so appointed, and the court was amply war-

ranted by the evidence in finding express authority from the holders of the notes authorizing Sidway to make the appointment in question. The point made by plaintiff, to the effect that it is necessary for Henry T. Sidway to join in the appointment of Childers, is equally devoid of merit, as the condition which was an essential prerequisite to said Henry T. Sidway becoming successor of Leverett B. Sidway had not occurred; hence that clause of the deed is not available for the purposes of this case, and in no wise affects the appointment of Childers. We are cited by appellant in support of this proposition to *St. Louis v. Priest*, 88 Mo. 612; *Bales v. Perry*, 51 Mo. 450; *Cassady v. Wallace*, 102 Mo. 575; and a large array of other authorities where it is held, in effect, that the trustee in a deed of trust can not delegate his power of sale to a third person, and that a sale made by such delegated agent, when unauthorized by the deed of trust, is void. These cases are not in conflict with, nor do they militate against the views here expressed. It will be observed in those cases authority was not conferred upon the trustee as in the case at bar to delegate the powers conferred upon him to another.

Apart from these considerations, and even though the defendant Childers had no authority under the deed of trust to make the sale, the evidence shows that the plaintiff was present at the sale; gave his assent thereto, encouraged parties to bid, telling them that the highest bidder was his best friend; made several bids himself; and afterward in confirmation and acquiescence in the sale, attorned to and leased a portion of the premises from the purchaser at the trustee's sale, paying rent therefor; stood by and saw him improve the place and pay taxes thereon, with full knowledge that $576 of the amount bid at the sale by Kroff had been paid to the acting trustee in cash, and the remaining sum of

$3,600 secured by mortgage back on the land. This was a complete waiver of want of authority in Childers to make the sale, and plaintiff will thus be estopped now as against defendant Kroff from asserting want of authority in Childers to make the sale. The uncontradicted evidence shows that before Childers advertised the land for sale, at the instance of Sidway, he went to see plaintiff and urged him to make arrangements to pay the taxes, and meet the coupon interest notes then due in order to save his farm from a foreclosure sale, offering to give further time in which to pay same, provided he was given assurance or security that it would ultimately be paid, but was informed by plaintiff that he was unable to make such payments, and would not undertake to redeem against the deed of trust, as there were subsequent judgments and mortgage liens on the farm that he could not possibly meet; that if he was able to meet the present interest due on the note held by Childers, he could not possibly reach all the other liens upon his farm.

The defendant Childers testified that before the sale of the land, the plaintiff came to him and asked that it be sold in a particular way; that when he began the sale he, Childers, asked if any person present desired the land sold in any particular way, and that again the plaintiff told him he would like to have it offered for sale in this way, and handed him a memorandum or plat of the land indicating the manner. The defendant Childers says that he then notified all parties present at the sale "that the land would be sold in parcels, and then put up as a whole, and whichever way it brought the most, it would be sold; that during the offer of the land in parcels he (the plaintiff) had bid on some of it, and said to the crowd, "Gentlemen, don't stand back on my account; the man who makes the land bring the most money is my best friend."

Under these circumstances we are of the opinion that the plaintiff is estopped from denying that Childers was authorized to sell the land.   The rule is axiomatic that when a person by word or conduct voluntarily induces another to act on behalf of a certain state of facts, he will be estopped to allege against him a different state of facts. 7 Am. and Eng. Ency. of Law, p. 18.

It is further contended that defendant Kroff bought the property at a greatly inadequate price.   While there was evidence tending to show the property was worth $6,000 or $8,000, there was other testimony that at the time of the sale the property was not worth much, if any, in excess of the price it sold for.   Although there were quite a number of parties at the sale, it does not appear that any higher price could have been obtained for it at that time, and that every effort seemed to have been made by the trustee to make the land bring the highest possible price.   The property having been advertised and sold without any unfairness or oppression and in compliance with the provisions of the deed of trust, and by the substituted trustee appointed in the manner designated and agreed upon between the parties to the deed, mere inadequacy of the price is not of itself sufficient to justify setting aside a sale by the trustee.   It is further claimed by plaintiff as ground for redemption that the growing nursery stock was reserved from the sale by the trustee. Without entering upon an extended discussion of the evidence on that issue, it suffices to say that when the trustee came to offer the land for sale it was announced by persons holding separate mortgages against the nursery stock that the latter would not pass by the trustee's sale.   This announcement, however, was not assented to by the trustee.   The evidence to our minds very satisfactorily established the fact that when such

remarks were brought to the attention of the trustee, he very properly stated publicly in the presence of and to the plaintiff and other bidders, that that would be a matter between the purchasers and such lien holders, and thereupon sold the premises without any reservation whatever. Be that as it may, the irregularity of the trustee's sale, if any, in that respect, is cured by the assent of the plaintiff to the proceedings as conducted. In fact, the whole proceedings were with his knowledge and approbation, and he can not now be heard to complain.

The point made by plaintiff, based on the action of the circuit court in admitting a letter press copy of a certain letter, written by Sidway to plaintiff, to be read in evidence, without notice to produce the original, may be disposed of with the remark that it has been uniformly held by this court that in proceedings in equity we do not pass on exceptions to the admission or rejection of evidence, when all the evidence is contained in the record, as we can consider what is competent and exclude what is incompetent in our findings. *Padley v. Neill*, 134 Mo. 372.

The judgment of the circuit court is sustained. All concur.