HARVEY WILCOX et ux., Respondents, v. SOVEREIGN
CAMP WOODMEN OF THE WORLD, Appellant.

### Kansas City Court of Appeals, November 7, 1898.

1. Benefit Societies: WHEN CERTIFICATE BECOMES OPERATIVE: BY-
LAWS. Where a benefit certificate embodies the condition of the
constitution and by-laws of a benefit society or makes them part
thereof, such certificate though intrusted to a subordinate lodge for
delivery to the member applying therefor, does not become operative
until all such conditions are complied with. Cases discussed and
distinguished.

2. ———: PLEADING CONDITIONS DESTROYING THE OPERATION OF CER-
TIFICATE: NON EST FACTUM: APPELLATE PRACTICE. Where there is
no motion for judgment on the pleadings, no objection to the intro-
duction of testimony, and the motion for a new trial is silent as to the
answer being tantamount to a denial of the execution of the contract
and unverified, such want of verification can not be urged upon
appeal.

*Appeal from the Andrew Circuit Court.*—HON. W. S.
HERNDON, Judge.

REVERSED.

BROME & BURNETT for appellant.

(1) There is no question of waiver in this case.
There are no existing facts upon which the doctrine of
waiver can rest. "If the contract provides that the
policy shall not be in force until it is delivered to the
applicant, the contract of insurance will not become
binding upon the company until delivered." Bacon
Benefit Societies and Life Insurance, sec. 272; Kohen
v. Mutual Reserve Fund Life Ass'n, 28 Fed. Rep. 795,
and Misselhorn v. Mutual Reserve Fund Life Ass'n,
30 Fed. Rep. 545.

C. H. ALLEN and BOOHER & WILLIAMS for respondents.

(1) The foundation of the action being a written instrument alleged to have been executed by the opposite party, the execution of the contract stands confessed for the reason that defendant in its answer denies the execution of the contract, but does not verify it by affidavit. R. S. 1889, sec. 2186; Thomas v. Life Ass'n, 73 Mo. App. 373. (2) Under the constitution and regulations of the order, when the supreme lodge officers sign the beneficiary certificate and forward it to the subordinate lodge, the contract is complete. It is the duty of the lodge to deliver it, and it holds it for the member until it hands it over to him. Locher v. Supreme Lodge, 40 N. W. Rep. 545, 549; Pledger v. Sovereign Camp Woodmen of the World, 42 S. W. Rep. 653. (3) Both minds had met and the contract was valid and complete. 7 Am. and Eng. Ency. Law [2 Ed.], p. 146; 1 Bacon on Mutual Benefit Societies [2 Ed.], p. 524, sec. 266. (4) The contract not being denied under oath is taken as confessed. The certificate recites full compliance of every requirement in by-laws, including advance payment and delivery. Stewart v. Supreme Council, 36 Mo. App. 329; Shadwick v. Order Triple Alliance, 56 Mo. App. 474; Dobyns v. Bay State Ben. Ass'n, 45 S. W. Rep. 1107.

SMITH, P. J.—This is an action brought by the plaintiffs against the defendant—a corporation organized under the laws of the state of Nebraska, and doing business in this state—to recover upon a beneficiary certificate issued by the latter to the deceased son of the former, Frederick Wilcox, who was a charter member of Grant Camp, No. 124, located at Amozonia in this state.

STATEMENT:

Said Wilcox participated in the organization of the camp, having been elected a member with the other charter members. Applications for beneficiary certificates were prepared and forwarded by him and the other members to the sovereign physician at Omaha for the latter's examination. On July 2, 1895, beneficiary certificates, signed by the sovereign consul commander and sovereign clerk were transmitted to the clerk of the local camp. For causes not necessary to here allude, the certificate remained in the custody of the said clerk until the twenty-sixth day of said month when a meeting of the local camp was held where it was determined that the consul commander and clerk of the camp should meet at the office of the latter on the next day and then sign and deliver the certificates to the several members upon the payment by them of the requisite advance assessments and dues. Early on the morning of that day said Wilcox entered the office of the clerk of the camp and requested the delivery to him of his certificate stating in the same connection that he had the money with him to pay his assessment and dues. The clerk informed him that the consul commander was not in but later on would be, when they would sign up his certificate after which he could call around and get it. To this Wilcox answered "all right" and went away and never returned. He lost his life by accidental drowning on the second day of August following. The certificate was duly signed on the twenty-seventh day of July and was then ready for delivery to Wilcox on the payment of the advance assessment and dues of the local camp as required by section sixty-nine of the constitution and laws of the defendant, which is as follows:

SEC. 69. "The liability of the Sovereign Camp, or Head Camp, for the payment of benefits upon the

death of a member, shall not begin until after his application shall have been accepted by the Sovereign Physician, or Head Physician, his certificate issued and he shall have: *First.* Paid all the entrance fees. *Second.* Paid his advance assessment. *Third.* Paid the Sovereign Camp or Head Camp General Fund dues for the month, and the camp dues for the current term. *Fourth.* Paid the physician's fee for medical examination. *Fifth.* Having been obligated or introduced by a camp or authorized member in due form. *Sixth.* Had delivered to him his beneficiary certificate. The foregoing is hereby made a part of the consideration for and are conditions precedent to the payment of benefits in case of death.''

And it is further provided, in section 66 of said constitution and laws: ''Before a certificate shall be delivered to an applicant he shall deposit with the clerk an advance beneficiary assessment and one monthly payment of Sovereign Camp, or Head Camp, General Fund dues, also camp dues to the end of the current term.''

There was a trial in the circuit court which resulted in judgment for the plaintiffs, and the defendant appeals. The defendant by its appeal challenges the judgment on the specific ground that though the benefit certificate sued on was duly executed by the proper general officers of the defendant and delivered to the clerk of the local camp, since the same was not actually delivered by the said clerk to the said Wilcox, and since he never paid nor tendered the advance assessment and dues required by said section 69, that said certificate was and is inoperative.

It seems to us that by the very terms of section 69 already quoted that the payment of the advance assessment and dues, as also the delivery of the certificate,

were each made a condition precedent to
the payment of the benefits in case of
death. It was held by the Texas court of
civil appeals in Pledger's case, reported
42 S. W. Rep. 653, where the constitution and by-laws
of the same defendant were under consideration, that
the actual delivery of the certificate was not made by
section 69 thereof a condition precedent. This con-
struction was influenced by the language of the
succeeding section (70) which declares that the non-
compliance with or the nonperformance of any
requirement in the preceding section (69) on the part
of the applicant shall be an absolute bar to any claim
on the beneficiary fund. If this is a correct construc-
tion of sections 69 and 70 it must follow that the pay-
ment of the advance assessments and dues is also not
a condition precedent because it is likewise a require-
ment of the former of said sections, while the latter
declares that a noncompliance therewith shall be an
absolute bar to any claim on the beneficiary fund.

Kohen v. Life Association, 28 Fed. Rep. 705, was
where an application for membership and a policy of
life insurance had been made, accompanied with all
the required fees and dues, and had been favorably
passed upon by defendant's various officers. The
application in all of its forms showed a first-class risk
which was received and accepted by defendant associa-
tion. The applicant lost his life before the certificate
was issued. The court, speaking through Mr. Justice
Brewer, in substance said, that if this was all there was
in the case, under well settled rules it would be held
that the minds of the parties had come to a concur-
rence and that a contract was created between them.
But the application contained a provision to the effect:
"That under no circumstances shall the certificate

hereby applied for be in force until the actual payment to and the acceptance. of the first annual dues by the association and actual delivery of the certificate to the applicant with a receipt for the payment of the first annual dues signed by the president, secretary or treasurer of the association during the lifetime of the applicant." It was further said by the court that, while it may be conceded that a contract was entered into between these parties, it was a contract to become operative upon the happening. of a certain condition; and it is competent of course for parties to stipulate when their contract shall become operative. In the Misselhorn v. Mutual Reserve Fund Life Ass'n case reported in the 30 Fed. Rep. 545, it was further said that by both the terms of the application and the policy the latter never became an operative contract.

By the terms of the policy here, it was stipulated "This certificate is issued and accepted subject to all the conditions on the back hereof and named in the sovereign constitution, fundamental laws and by-laws of this fraternity, and liable to forfeiture if said sovereign shall not comply with said conditions, constitution, fundamental laws, etc." Wilcox was a charter member of the local camp and must be presumed to have been acquainted with the various requirements of the constitution and by-laws of the society.

Now it seems to us that whether or not the payment of the assessment and dues and the delivery of the policy were conditions precedent, the performance of all which were necessary to entitle the beneficiaries to share in the beneficiary fund, or whether or not these conditions were but mere requirements, the noncompliance with or nonperformance of which were an absolute bar to any claim on the beneficiary fund, the

result in this case is the same, namely: that the plaintiffs are not entitled to recover and therefore the judgment can not be sustained; and especially so since the said requirements and the noncompliance therewith was specially pleaded in the answer.

We think an examination of the authorities just adverted to will show that where a beneficial certificate embodies the conditions set forth in section 69 of the constitution and by-laws of defendant, or where such conditions though contained in the constitution and by-laws are not set forth in the certificate, but are by the terms of such certificate made part thereof, the same though intrusted to the subordinate lodge or camp for delivery to the member applying therefor, does not become operative as the contract of the parties if such conditions are not complied with. Until the performance of stipulated conditions like those enumerated in section 69, the certificate though in the custody of the clerk of the local camp does not become operative.

In Pledger's case, already referred to, there was an offer to pay the advance assessment and dues accompanied with a demand for a delivery of the certificate which being rejected there was a formal tender made and rejected. But here there was no tender at all, but only a willingness and ability expressed to pay the advance assessment and dues. At the time of the expression of such willingness and ability the certificate had not then been signed by the local officers of the camp whose duty it was to sign it. In the Pledger case the certificate had been signed by every officer required to do so by the constitution and by-laws, while here as has already been shown it was not so signed at the time the delivery was requested of the clerk. The Pledger case though much relied on by the plaintiffs, for the above reasons lends very little support

to their contention. If the certificate had been signed by the proper officers of the local camp and a payment, or even a tender, of the advance assessment and dues had been made, accompanied with a demand for the delivery of the certificate, a different case would have been presented and one that would have probably been entitled to a more favorable consideration at our hands. Upon the undisputed facts of the case we can not think the plaintiff's are entitled to any claim to the beneficiary fund.

The plaintiffs insist that sections 69 and 70 of the by-laws of defendant order are part of the contract and the performance of their requirements had to be complete or the performance of them waived ——: pleading: before the contract was executed, hence the conditon de-stroying the pleading of those sections in appellant's operation of certificate; answer forms part of the general denial of non est fac-tum: appel-late practice. the execution of the contract and should be verified by affidavit or they stand confessed. To this insistence it is sufficient answer to say that, in Kelly v. Thuey, 143 Mo. 422, a case recently decided by the supreme court of this state, it was held that where no motion, as here, for judgment on the pleadings was made on the ground that the answer was not verified as required by section 2186, Revised Statutes, nor any objection to the evidence introduced thereunder, and the want of verification was not specified in the motion for new trial the objection can not be urged on appeal.

It therefore results that the judgment of the circuit court must be reversed. All concur.