ST. LOUIS PERFECTION TIRE COMPANY, Appellant, v. HERMAN McKINNEY, J. H. ALTHOFF and W. H. REMMERT, Respondents.

In the Kansas City Court of Appeals, December 4, 1922.

1. **PLEADING: General Denial: Sales: In an Action for Balnace of Purchase Price Where Non-payment is Affirmatively Alleged in Petition, Defense of Payment Available under General Denial.** In an action by seller balance of purchase price where petition alleged non-payment, the defense of payment is permissible under a general denial, since the fact of non-payment was the averment of a material fact, and the defendant under a general denial, could prove any facts tending to controvert the material affirmative allegations of the petition.

2. ———: ———: **Payment: Defense of Payment May be Made under General Denial Where Fact of Non-payment is Alleged in Petition as Necessary and Material Fact to Constitute Cause of Action.** Generally the defense of payment is inadmissible under a general denial, but this is not so when the fact of non-payment is alleged in the petition as a necessary and material fact to constitute a cause of action.

3. ———: ———: **Any Facts Tending to Controvert Material Affirmative Allegations of Petition May be Proved under General Denial.** It is competent to prove under general denial any facts tending to controvert the material affirmative allegations of the petition.

4. **SALES: Partnership: Where Seller Took Trade Acceptances and Check of New Firm for Balance Due on Account, Such Act Constituted Resale of Merchandise to New Firm.** Where selles made conditional sale of goods to a copartnership, and thereafter took trade acceptances and a check of the new firm for the balance due on the account sued upon, such act constituted a resale of the merchandise on hand to the new firm.

5. **EVIDENCE: Proof; Pleading: Partnership: Where Seller Made Conditional Sale of Merchandise to Copartnership, and Thereafter**

Took Trade Acceptances and Check of New Firm Thereby Making a Resale of Merchandise on Hand to New Firm, Held Defendant Could Make Such Defense under a General Denial. In action by seller for balance due against partnership to which a conditional sale of merchandise had been made in which it was claimed that one of the partners had sold his interest in the firm to the other defendant who agreed to pay existing indebtedness, that seller took trade acceptances and a check of the new firm from other partner for balance due on the account, and neither acceptances or check had been paid, the defense that seller's acceptance of trade acceptances and check on new firm for balance due on account constituted a resale of the merchandise on hand to new firm, *held* such facts were probable under a general denial.

6. **ESTOPPEL**: Pleading: Estoppel in Pais to be Available Must be Specially Pleaded. An estoppel *in pais* must be specially pleaded and unless it is so pleaded, evidence designed to establish such estoppel will be excluded.

7. **APPEAL AND ERROR**: Where Parties Treated Case as Though Estoppel Had Been Specially Pleaded, Objection that Same Had not Been, Cannot be Urged for First Time on Appeal. Where evidence tending to establish estoppel is received without proper objection, and the parties treated the case as though estoppel had been specially pleaded, such objection cannot be urged for first time in the Appellate Court.

8. **PARTNERSHIP**: Release: Assumption of Firm's Obligations by One Partner Who Purchased Interest of Other Partner Does not Thereby Release Other Partner from Liability to Firm Creditors. Where one partner buys the interest of another and assumes to pay the firm's obligations, the other partner who sold his interest in the firm is not thereby released from liability to firm creditors.

9. ——: ——: Seller's Acceptance of Trade Acceptances and Check from New Firm after Knowledge That Partner at Time of Sale Had Sold His Interest in Firm, Held to Release Selling Partner from Liability. Where seller, who had sold merchandise to partnership, knew of sale of interest of one partner in firm to the other, and thereafter accepted trade acceptances and a check from the new firm in payment of balance due on account, the selling partner was thereby released from any liability for balance due on the account.

Incoming Partner as Debtor, Held not Erroneous as Being in Con-

10. ——: Instruction: An Instruction to Find for Partner Who Sold His Interest in Partnership if Creditor Released Him and Accepted

flict with Peremptory Instruction Given for Incoming Partner. In an action by seller to recover balance of purchase price from original member of a partnership, to which merchandise was sold, and another partner, to whom one of the original partners had sold his interest, and who agreed to assume existing indebtedness, in which court gave a peremptory instruction for new partner because his agreement to pay indebtedness was not in writing, and by reason thereof in violation of Statute of Frauds, an instruction to find for partner who sold his interest, if jury found that new partner assumed and agreed to pay account, and that seller by its acts or conduct thereby relieved partner who sold his interest from liability, and accepted copartner, and new partner, in lieu of original partner as debtor, *held* not erroneous as against objection that such instruction was given in face of peremptory instruction for incoming partner, making the two instructions conflict, as the court in giving said instruction doubtless had in mind the question as to whether there was sufficient stock on hand to pay the indebtedness at the time the original partner sold his interest to incoming partner.

Appeal from the Circuit Court of Cole County.—*Hon. John G. Slate,* Judge.

AFFIRMED.

*Ira H. Lohman* for appellant.

*D. W. Peters* for respondent.

ARNOLD, J.—This is a suit on account for an alleged unpaid balance for automobile tires sold and delivered to defendants under the terms of a written contract.

Plaintiff is a corporation duly organized and existing under the laws of the State of Delaware, with its office and principal place of business in the city of St. Louis Mo. The defendants are residents of Jefferson City, Mo.

The facts, as shown by the record, are that defendants Herman McKinney and J. H. Althoff became the owners of the Main Garage in Jefferson City, Mo., about

June 10, 1920, and that they conducted the business as a partnership, under the name of the Main Garage, until about August 14, 1920, at which time McKinney sold his one-half interest therein to W. H. Remmert; that Remmert contracted and agreed with McKinney and Althoff to pay the indebtedness of the Main Garage then owing to plaintiff herein, amounting to the sum of $1915.15. Althoff and Remmert then conducted the business as partners under the firm name and style of Main Garage until sometime in December, 1920, when Althoff sold his interest to Remmert who continued the business under the same name and was so engaged up to the time of the trial of this suit.

On September 3, 1920, one T. A. Leonhardt, secretary and treasurer of plaintiff corporation, went to Jefferson City in company with J. M. Garner, a salesman for plaintiff who had been in Jefferson City on the day McKinney sold his interest to Remmert, and who testified that he had immediately communicated to Leonhardt the fact of the sale. And on the same day, in the office of the Main Garage, in the presence of Remmert, Leonhardt caused said Althoff to execute trade acceptances covering the indebtedness involved in this action, and which covers all of the merchandise sold to the Main Garage by plaintiff pursuant to a contract entered into on July 7, 1920. This contract, which is in evidence, among other things provided:

"The legal title of all tires and tubes sold or delivered by the seller to buyer hereunder shall be and remain in possession of the seller until the full purchase price thereof shall have been paid in money to the seller at its principal place of business, with full and complete authority hereby vested in the seller, in case of default in payment in money by the buyer, to retake with or without process of law, into its custody and possession said tires and tubes and the same permanently retain, and all liability from the seller to the buyer on the agreement for the sale and delivery of tires and tubes shall in

OCTOBER TERM, 1922.                    359

St. Louis Perf. Tire Co. v. McKinney et al.

each case cease and terminate. No part payment on the purchase price of tires and tubes sold to the buyer shall vest the legal title of any goods delivered to the buyer; but the legal title thereto shall remain vested in the seller until full payment has been made.''

The evidence tends to show that at the time McKinney sold to Remmert, the value of tires and tubes of plaintiffs then on hand was in excess of the balance due and owing to plaintiff.

There is a dispute, as shown by the evidence, as to whether or not Leonhardt knew on September 3, 1920, that McKinney had sold his interest in the business to Remmert and whether on said day he transferred the stock on hand to the new partnership of Althoff and Remmert and accepted them as debtors in lieu of McKinney and Althoff, for the amount of the trade acceptances above mentioned. It is in evidence that Leonhardt on September 3, 1920, presented a contract similar to the one entered into between McKinney and Althoff, but Althoff and Remmert refused to sign it. The evidence shows that plaintiff corporation had never made demand on McKinney for the payment of the indebtedness involved, nor sought in any way to hold him liable therefor.

The record discloses that prior to the bringing of this action plaintiff had brought suit against Althoff and Remmert, based upon the trade acceptances made by them as above stated. The court sustained a demurrer therein as to Remmert, whereupon plaintiff dismissed the suit. The petition, in the case at bar, charges that on various and sundry dates between March 11 and August 11, 1920, inclusive, plaintiff furnished and delivered to defendants McKinney and Althoff certain automobile tires and tubes of the value and for the price of $3296.01, particulars thereof being set forth in a bill of items attached thereto. The petition further alleges that the prices charged for same were reasonable and proper and that defendants promised and agreed to pay for same. Credits amounting to $1380.86, to which de-

fendants are entitled, are mentioned in the petition. The balance due is alleged to be $1915.15.

Further it is charged in the petition that after the said merchandise was delivered to McKinney and Althoff, Herman McKinney, without knowledge of plaintiff, sold his interest in the Main Garage to W. H. Remmert; that by the terms of the contract of sale between said McKinney and said Remmert, entered into about August 15, 1920, said Remmert assumed and agreed to pay the said amount due plaintiff, and that by reason of the term of said contract, said Remmert is legally liable to plaintiff therefor.

The petition further alleges that on September 3, 1920, defendants Althoff and Remmert executed and delivered to plaintiff their three trade acceptances, by the terms of which they agreed to pay plaintiff on October 1, 1920, $555.05, $261.61 and $556.43; and that on October 5, 1920, they did give their check for $528.60, which trade acceptance and check were given to cover the amount herein sued upon, but which have not been paid, and which plaintiff, in the petition, offered to surrender.

Defendants McKinney and Remmert each filed a general denial but Althoff filed no answer, and made no defense. At the close of the evidence defendant Remmert asked a peremptory instruction in the nature of a demurrer to the evidence which was given by the court and the jury returned a verdict accordingly. Thereupon defendant McKinney asked a peremptory instruction in his behalf which the court refused. The court also refused to submit to the jury instruction No. 5 for plaintiff, as follows: "The court instructs the jury that the giving of the trade acceptances by the Main Garage to the plaintiff did not operate as a payment of plaintiff's account." But a modified instruction, No. 5, was given as follows: "The court instructs the jury that the giving of the trade acceptances by the Main Garage to the plaintiff did not necessarily operate as a payment of plaintiff's account."

The court also refused peremptory instructions (1) to find for plaintiff against all defendants, (2) against defendants Herbert McKinney and J. H. Althoff.

The verdict of the jury was in favor of defendant McKinney and against plaintiff, but against defendant Althoff, and plaintiff's damages were assessed at $1915.15. Judgment was entered accordingly. In due time plaintiff filed its motion for a judgment against defendants Remmert and McKinney, *non obstante veredicto,* which was by the court overruled. Plaintiff appeals.

Our attention first is directed to the fact that the answers of defendants Remmert and McKinney are general denials. Plaintiff insists that error was committed by the trial court in admitting evidence to show the amount of stock on hand, and that Remmert took over the stock and assumed the indebtedness in an attempt to show a release of McKinney. In support of this charge of error it is insisted that payment is an affirmative defense and therefore not available under a general denial. It is further urged in this connection that a party cannot deny a sale, delivery and acceptance, and then in the same answer admit a sale and attempt an avoidance; also that waiver is an affirmative defense and must be specially pleaded.

We are not warranted in accepting these clear statements of the law as being other than general rules. In determining just what a general denial traverses we must be guided, to some extent at least, by what is pleaded in the petition. Here the petition alleges the sale of certain tires and tubes to defendants McKinney and Althoff; a balance of $1915.15, due; the sale of McKinney's interest to Remmert without notice thereof to plaintiff before payment of the balance was made; the assumption by Remmert of McKinney's liability to plaintiff; the liability of Remmert to plaintiff therefor; the execution of three trade acceptances and the giving of a check on September 3, 1920, by the new partnership

of Althoff and Remmert to plaintiff in full satisfaction of said balance due; that neither the trade acceptances nor the check have been paid.

In the case at bar non-payment is a material fact and so pleaded in the petition. It was held in State ex rel. v. Peterson, 142 Mo. 526, 532: "But in cases in which non-payment is a material fact necessary to constitute plaintiff's cause of action, it must be alleged in the petition and proved as a part of plaintiff's case, and defendant can controvert it, under general denial, by proof that payment was made." The rule as to when facts are to be pleaded as new matter was announced by the Supreme Court in Kersey v. Garton, 77 Mo. 645, where it is said, quoting Bliss on Code Pleading (4 Ed.), sec. 357: "But whether, in an agreement, as to pay money, it is incumbent upon the defendant to plead the fact of payment as new matter, should, upon principle, depend upon the necessity of showing the fact of non-payment as a part of plaintiff's case."

It is generally true that a defense of payment is inadmissible under a general denial, but this is not so when the fact of non-payment is alleged in the petition as a necessary and material fact to constitute a cause of action. The rule in this State is that it is competent to prove, under general denial, any facts tending to controvert the material affirmative allegations of the complaint. [State ex rel. v. Peterson, supra; Wheeler v. Tinsley, 75 Mo. 458.] Under this rule it must be apparent that defendant McKinney was entitled to prove any facts which tended to show payment or release from liability in the premises. Plaintiff's citations on this point do not apply.

Plaintiff further insists, in this connection, that a release is an affirmative defense and should be specially pleaded. We do not find that the record discloses any proof of release, nor does such proof seem to have been attempted, other than the general fact that the payment of a debt releases the debtor. We think there is no

OCTOBER TERM, 1922.    363

St. Louis Perf. Tire Co. v. McKinney et al.

merit in this contention, and the same is true of the charge that waiver was attempted to be established. The record discloses that it is the theory of defendant McKinney that the sale and delivery of the goods to the garage while he was a partner therein, under the contract covering the same was a conditional sale; that when plaintiff's principal officer Leonhardt took trade acceptance and a check of the new firm for the balance due on the account sued upon herein, that such act constituted a resale of the merchandise on hand to the new firm.

We think this position is correct. [Oester v. Sitlington, 115 Mo. 247, 255.] The facts introduced in evidence of which plaintiff complains were not new matter necessary to be specifically pleaded, but tended to disprove the allegations of the petition and were properly introduced under a general denial. [Stewart v. Goodrich, 9 Mo. App. 125; Greenway v. James, 34 Mo. 328; Cavender v. Waddingham, 2 Mo. App. 556.] The record shows no objection was made by plaintiff to the introduction of this evidence on the ground that the facts disclosed by such evidence should have been specially pleaded, nor was there a motion to strike out. This point is covered in Colley v. Insurance Co., 185 Mo. App. 616, 622, 171 S. W. 663.

The case law in this State, as evidenced by many decisions, is to the effect that an estoppel *in pais* must be specially pleaded and that unless it is so pleaded, evidence designated to establish such estoppel will be excluded. However, where the evidence is received without proper objection and the parties treat the case as though estoppel had been specially pleaded, such objection cannot be urged for the first time in this court. [Price v. Hallett, 138 Mo. 561, 38 S. W. 451; McDonnell v. DeSoto Savings Assn., 175 Mo. 274, 275, 75 S. W. 438; Wilcox v. Sovereign Camp W. O. W., 76 Mo. App. 580; Strother v. DeWitt, 98 Mo. App. 299, 300, 71 S. W. 1129; Ziekel v. Douglass, 88 Mo. 382; Kelly v. Thuey, 143 Mo.

437, 45 S. W. 300.] "If no objection is made to evidence the necessity of a special plea is waived." [Bacon's Mo. Practice, Vol. 1, sec. 194, p. 233.]

The cases go further and hold that where evidence which would have been properly admissible only under a plea of confession and avoidance was admitted without objection on the part of plaintiff, the plaintiff must be held to have waived the formal plea of confession and. avoidance. [Von Trebra v. Gaslight Co., 209 Mo. 648, 660; Choquette v. Railroad, 152 Mo. 257, 53 S. W. 897.] In this state of the record the statute, section 1550, Revised Statutes 1919, directs us in our consideration of this question, as follows:

"When a verdict shall have been rendered in any cause the judgment thereon shall not be stayed . . . reversed, impaired, or in any way affected . . . for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict . . ." We hold against plaintiff on this point.

Plaintiff urges also, under point 3 of its brief, that the court erred in overruling plaintiff's motion for a judgment *non obstante veredicto,* and as grounds for this position, urges that as the court sustained the demurrer as to W. H. Remmert,—deciding in effect that said Remmert did not assume and agree to pay the account,—there was no defense left for McKinney, who admitted that he got the goods and made no plea of payment or release.

In this condition plaintiff cites Skinner v. Hitt, 32 Mo. App. 402, to the effect that where one partner buys the interest of another and assumes to pay the firm's obligations, this does not release the other from liability to the firm's creditors.

This is a correct statement of the law but it has no application in this case, for the reason that the testimony herein tends to show that plaintiff knew of the sale by McKinney to Remmert and had accepted trade

acceptances and a check from the new firm in payment of the account, and that so far as McKinney was concerned, the account was settled. [State ex rel. v. Branch, 151 Mo, 622, 639, 52 S. W. 390; Reynolds v. Kroff, 144 Mo. 433, 46 S. W. 424, and cases therein cited.] It must be conceded that any ruling the court might make as to Remmert should not affect the situation as to McKinney. We therefore hold that the court was not in error in overruling plaintiff's motion for a verdict *non obstante veredicto*.

It is insisted the court erred in refusing plaintiff's instruction No. 3, to the effect that if the jury found W. H. Remmert assumed and agreed to pay plaintiff, such finding would not release defendant McKinney from his liability to plaintiff; and that the amending of said instruction and giving it, as No. 7, was error, as there was no express agreement releasing McKinney pleaded. Instruction No. 7 is as follows:

"The court instructs the jury that the fact that W. H. Remmert assumed and agreed to pay plaintiff's account, if you find that he did assume and agree to pay the same, will not release the defendant Herman McKinney from his liability to plaintiff, if you find there was a liability on the part of Herman McKinney to plaintiff, unless you further find that in the acceptance of the three trade acceptances in evidence, or by other acts or conduct of the plaintiff, it did relieve him, the said McKinney, from further liability."

Under the law applicable to the facts of record in this case, the action of the trial court was proper in giving said instruction. For the same reasons we hold the refusal to give instruction No. 8 was proper.

Objection also is registered against instruction A given for defendants, for the reason that there was no question of notice in the case. The instruction informed the jury that if they believed defendant McKinney notified plaintiff on or about August 15, that he had sold his interest in the Main Garage, such notice was notice

in law and in fact to plaintiff. The instruction was proper. The evidence as to notice to plaintiff of the sale went to the point of whether or not Leonhardt, on September 3, accepted the new firm's acceptances of account and check in payment. There was no error in this respect.

Further plaintiff urges that the giving of instruction B, over plaintiff's objection was error. This instruction told the jury that if they found that Remmert assumed and agreed to pay the account sued upon and that plaintiff by its acts and conduct released McKinney and accepted Remmert and Althoff in lieu of McKinney and Althoff as its debtor, they should find the issues for McKinney. The objection to this instruction is that it was given in the face of the peremptory instruction for Remmert and that the two are in conflict.

Plaintiff assumes, as a basis for its argument, that the peremptory instruction for Remmert was based upon the theory that Remmert was not liable on his contract of assumption, reasoning that if Remmert was not liable, McKinney was, and *vice versa*. This conclusion does not necessarily follow. The court in giving said instruction, doubtless, had in mind very properly, the question as to whether there was sufficient stock on hand to pay the indebtedness at the time McKinney sold to Remmert. We see no error in this instruction.

As to defendant Remmert, counsel for plaintiff admits that Remmert was not liable, because the contract with him was not in writing and therefore was in violation of the Statute of Frauds. There was no error in the giving of the peremptory instruction in behalf of Remmert.

For the reasons above stated, the judgment appealed from is affirmed. All concur.