THE STATE *ex rel.* SPAULDING v. PETERSON *et al.,* *Appellants.*

In Banc, May 25, 1897.*

1.  Pleading: PAYMENT: AVERMENT OF PETITION: GENERAL DENIAL.  It is generally true that the defense of payment on a suit for money is not admissible under a general denial; but where the fact of non-payment is stated in the petition as a necessary and material averment to constitute a cause of action, a general denial will be sufficient to permit the defendant to show payment—affirming the doctrine of *Wheeler & Wilson Mfg. Co. v. Tinsley,* 75 Mo. 458.

2.  ———: ———: ———: ———: PENAL STATUTE: DEMAND: CASE STATED.  Relator, as a justice of the peace, sued the defendant, a constable, on his bond for fees, which it is alleged defendant collected and refused to pay over.  The evidence showed the collection of the fees, and plaintiff denied payment, and defendant, under a general denial, offered to show full payment, which the trial court declined to

---

*NOTE.—Certified to Reporter April 1, 1898.

permit him to do. *Held,* that in order for plaintiff to recover it is necessary for him to prove collection of the fees by the constable, demand on him for payment and his refusal to pay, and also *held,* that each of these issues were met by a general denial. *Held,* also, that the statute under which a penalty of one hundred per cent per annum is demanded (R. S. 1889, secs. 6317-6325) is highly penal, and the plaintiff can only secure such penalty by proving every fact it makes necessary to a recovery. *Held,* also, that there was no breach of the constable's bond unless there was a failure to pay on demand.

3. **Justice's Fees:** ONE HUNDRED PER CENT PENALTY: WAIVER. By sections 6317 and 6320, Revised Statutes 1889, a justice of the peace is entitled to recover a penalty of one hundred per cent per annum from the bondsmen of a constable on his failure to pay over, after demand, the justice's fee collected by him. *Held,* also, that in order to prove a waiver of such penalty, it must be pleaded in the answer.

4. **Numerous Counts:** GENERAL FINDING OF REFEREE. Relator's petition contained sixteen hundred counts, and the finding of the referee was general, and was for less than half the entire amount claimed. *Held* to be error, the defendant having the right to know the amount of his liability on each count.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*J. W. Collins* and *Lubke & Muench* for appellants.

(1) This suit being brought for breaches of the condition of a bond, it was not necessary for appellants to plead the payments made by the constable Peterson to relator. *Wheeler & Wilson Mfg. Co. v. Tinsley,* 75 Mo. 458. (2) If it was necessary to plead the payments made by constable Peterson to relator on account of his fees, then it was error in the circuit court to refuse to allow appellants leave to amend their answer, so as to set up such payments, and make their answers conform to the evidence. They asked this in their exceptions to the referee's report, and before said report had been confirmed, or final judgment had been rendered. *McMurray v. Martin,* 26 Mo. App. 438; *House*

*v. Duncan*, 50 Mo. 453; (3) The referee and the circuit court erred in not applying the payments of $1,787.25, made by constable Peterson to the relator, on account of his fees toward payment of the $2,113.38 of fees which the referee found in favor of relator upon six hundred and eighty-six cases, so as to make the balance of fees coming to relator $326.13. And the court and referee erred in diverting and applying $900 of the moneys paid by the constable to pay fees in three hundred cases not sued for by relator and taken out of the account book of the constable by the referee. (4) This is a common law action upon a bond, and appellants are not liable for the penalty of one hundred per cent interest, which is only allowed in special cases brought before justices of the peace for small amounts. The circuit court has no original jurisdiction in cases where this penalty is allowed. R. S. 1889, sec. 6320. (5) Relator waived the one hundred per cent interest, if he was ever entitled to the same, by the course of his dealing with the constable. He gave the constable credit and time to pay, and made with him settlements and received from him payments on account from time to time—weekly and at longer intervals. Big. on Estop. [5 Ed.] 660; *Hill v. Blackwelder*, 113 Ill. 291; *Ins. Co. v. Eggleston*, 96 U. S. 573; *Ins. Co. v. Norton*, 96 U. S. 234; *Ins. Co. v. Desler*, 106 U. S. 30; *Froelich v. Ins. Co.*, 47 Mo. 406; *Ins. Co. v. Wolff*, 95 U. S. 326; 16 Am. and Eng. Ency. of Law, Penalties, p. 270; *Voris v. Renshaw*, 49 Ill. 426. (6) The arrangement between the constable and relator whereby credit was given, and time for the payment of relator's fees extended was at variance with and essentially changed the terms of the bond without the consent of the sureties and operated to release them. *Schuster v. Weis*, 114 Mo. 158; *State v. McGonigle*, 101 Mo. 353; *Bank v. Traube*, 6 Mo. App. 221; Burge on Suretyship, 214.

(7) The court and referee both erred in failing to make separate findings upon the various breaches of the bond, and erred in failing to specify the particular breaches upon which the findings were based. And the court erred in entering judgment for a lump sum. This point was well saved by the motion in arrest of judgment. *Clark v. Phillips,* 99 Mo. 550; *Caruth v. Walter,* 91 Mo. 484; *Kenard v. Peck,* 19 Mo. App. 342; *State ex rel. v. Dulle,* 45 Mo. 270; *Maney v. Kennett,* 19 Mo. 551; *Clark v. Railroad,* 36 Mo. 215; *Pitz v. Fuge,* 41 Mo. 405.

*Thomas J. Rowe* for respondent.

(1.) Payment is an affirmative defense, and must be pleaded to give defendants the right to introduce evidence which tends to prove payment. *Kersey v. Garton,* 77 Mo. 465; Bliss on Code Pl., sec. 357, and note 1; 2 Chitty, Pl. 443; *McKyring v. Bull,* 16 N. Y. 297. (2) Defendants can not, after case has been tried and determined by the trier of the facts, amend their answer and thereby create new issues which were not made during the trial. *Garton v. Canada,* 39 Mo. 357. (3) Estoppel *in pais* can not be proved under a general denial, but is new matter, and the facts constituting the estoppel must be alleged in the answer. Pomeroy on Remed. and Remedial Rights by Civil Action, sec. 712; Bliss on Code Pl., sec. 364; *Bray v. Marshall,* 75 Mo. 327. (4) Waiver is an affirmative defense and can not be considered under a general denial. Bliss, Code Pl., sec. 339; *McCullough v. Ins. Co.,* 113 Mo. 606. (5) There is no evidence in this case upon which to base a defense of estoppel or waiver. Again, waiver is a question of intention and a fact to be determined by the triers of fact. *Ehrlich v. Ins. Co.,* 88 Mo. 249. (6) The relator is entitled to interest at the rate of one

hundred per centum per annum from February 17, 1891, to date of judgment herein as found by the referee. R. S. 1889, secs. 6320, 6324, 6325; *Ransom v. Cobb*, 67 Mo. 375; *Rose v. Cobb*, 64 Mo. 464. (7) This court will not, on appeal, review the findings of the referee if they are supported by any evidence. In an action at law the referee's findings are conclusive as to the facts. *Lingenfelder v. Wainwright Brewing Co.*, 103 Mo. 578; *Howard Co. v. Butler*, 119 Mo. 397; *Berthold v. O'Hara*, 121 Mo. 88; *Vogt v. Butler*, 105 Mo. 479. (8) The petition does not contain one thousand, six hundred and seventy counts, but it does contain five thousand and ten alleged breaches of the condition of the bond sued on, and the referee made a separate, specific and distinct finding on each alleged breach of said bond, so that the court could know how the issues were found, and on which of the breaches the damages were assessed, and how much on each one.

IN DIVISION ONE.

MACFARLANE, J.—Relator Spaulding was a justice of the peace in the city of St. Louis from November 8, 1888, to December 1, 1890, during which time defendant Peterson was constable of the same district. As constable said defendant at the beginning of his term gave a bond in the sum of $5,000, with the other defendants as securities. The action is by relator, upon said bond, to recover the full amount of the penalty thereof. The amended petition, upon which the case was tried, contains over one thousand, six hundred counts, and each count charges three separate breaches of the bond. The second of these is that defendant, as constable, collected the fees and costs coming to relator as justice of the peace, and refused to pay the same over to him, and that payment was demanded December 1, 1890. The other two breaches relate to a failure

to return and falsely returning executions. There was no evidence in support of these. Each count covers a particular case in which fees were taxed in favor of relator. Interest is demanded at the rate of one hundred per cent per annum. The answer, after admitting the execution of the bond, denies each other allegation of the petition and each count thereof. The case was referred to H. N. Crane, who took an account and made report. By his report the referee found, in the alternative, that defendant had collected fees due to relator, under one theory, in the sum of $1,928.68, and on another theory, in the sum of $1,226.13. Interest was calculated at one hundred per cent per annum from February 17, 1891, which, under either finding, would make the damages exceed $5,000, the penalty of the bond. Damages were therefore assessed at $5,000. Exceptions to the report were filed by defendants, and overruled by the court. Judgment was entered in favor of relator, and defendants appealed.

In proof that defendant collected the fees as charged in numerous counts of the petition, plaintiff introduced in evidence five written statements furnished him by defendant, which give in detail the style of the cases and the amount of plaintiff's fees collected in each. The aggregate amount shown by the statements and found by the referee is $2,113.38. Plaintiff admitted that $184.70 of this amount had been paid him by one of defendant's deputies in satisfaction of the cost of certain cases counted upon. For this amount defendant was given credit. Plaintiff testified that the costs in none of the other cases specified in the statements had been paid him. Defendants offered in evidence eight checks made by the constable, payable to relator, dated along from April 30, 1890, to September 25, 1890, aggregating $1,304.35, which had been paid by the bank. They also offered evidence tending to prove

that relator received money from a deputy from May 21 to November 15, 1890, aggregating $482.90. The constable and his deputy testified that these payments were made on account of the fees specified in the statements furnished plaintiff. The checks themselves show that they were paid on account. In making up his report the referee excluded all this evidence, on the ground that payment had not been pleaded. The ruling of the referee was sustained by the court on exceptions thereto, and is the first error assigned by appellants.

1. The Missouri code requires any new matter constituting a defense to be pleaded. Payment is a fact ordinarily not required to be negatived in the petition, and in such case is new matter, and, to be made available as a defense, must be pleaded. In such case proof of prior indebtedness is *prima facie* proof of liability. A general denial does not raise the issue of payment in such cases. But in cases in which non-payment is a material fact necessary to constitute plaintiff's cause of action, it must be alleged in the petition and proved as a part of plaintiff's case, and defendant can controvert it, under a general denial, by proof that payment was made. The rule in respect to when facts are to be pleaded as new matter, which has received the approval of this court, is this: "Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to support the plaintiff's case, he must set it out." *Kersey v. Garton*, 77 Mo. 645. BLISS states the rule under the code as follows: "But whether, in an agreement, as to pay money, it is incumbent upon defendant to plead the fact of payment as new matter, should, upon principle, depend upon the necessity of showing the fact of non-payment as a part of plaintiff's case." Bliss, Code Pl. [3 Ed.], sec. 357. The New York code, as ours, requires any

new matter constituting a defense to be pleaded; yet the court of appeals holds that: "While it is generally true that a defense of payment is inadmissible under a general denial, this is not so when the fact of non-payment is alleged in the complaint as a necessary and material fact to constitute a cause of action. It is always competent to prove, under a general denial, any facts tending to controvert the material affirmative allegations of the complaint." *Knapp v. Roche,* 94 N. Y. 333. Practical illustration of this rule is found in the case of *Wheeler v. Tinsley,* 75 Mo. 458. The suit was on the bond of an agent of plaintiff, and the breaches assigned the failure of the agent to account to plaintiff for sundry items of indebtedness, and for machines received by him as such agent. Under the answer, which was a general denial, evidence was admitted tending to prove a settlement and payment in full. This evidence was held admissible. The court says: "The breach alleged was that the agent had failed to account for the property received by him, and had failed to pay all liabilities incurred by him as agent, according to the terms of his bond. The testimony relating to the settlement tended to show that there had been no breach as alleged. We do not think these facts constituted new matter, within the meaning of the code." The action is on the bond of the defendant as constable, and the breaches assigned are that defendant, as constable, collected fees taxed in favor of plaintiff, as justice of the peace, and failed to pay over the same on demand. The liability charged is statutory, and a penalty of one hundred per cent per annum is imposed in case the breaches are sustained. R. S. 1889, secs. 6317–6325. To establish the breaches, it is necessary for plaintiff to prove collection of the fees by the constable, demand on him for payment, and a refusal to pay. Each of these facts is put in issue by the general denial. The

statute is highly penal, and plaintiff can only secure the relief it affords by proof of every fact made necessary to a recovery. There was no breach unless there was a failure to pay on demand. Proof of a failure to pay is a necessary part of plaintiff's case. Payment is a fact controverting a material and essential allegation of the petition, and evidence of the fact is admissible under the general denial. It is not new matter, under the code.

2. The statute makes a constable liable to pay one hundred per cent per annum on money collected officially, in case he fail to pay the same to the party entitled thereto on demand. By section 6317 he and his sureties are made liable for money received by him on any judgment, and by section 6320 they are made subject to the penalty for failure to pay over, when requested, money collected on a judgment or other demand. This language fairly includes the fees of justices of the peace. This construction seems to have been given the statute in the case of *Rose v. Cobb*, 64 Mo. 464. Relator therefore had the right to proceed in the circuit court upon the official bond of the constable. R. S. 1889, sec. 6324.

3. We are of the opinion that in order to prove a waiver of the statutory penalty by course of conduct between the parties, or the manner of making and receiving payments, it was necessary for defendants to plead it. Waiver of a right relied upon by the opposite party is generally new matter, and the facts under which it is claimed should be stated. We do not, therefore, think that error was committed in this case in refusing to admit evidence tending to prove a waiver. *McCullough v. Ins. Co.*, 113 Mo. 616; 21 S. W. Rep. 207.

4. The finding of the referee was general, without specifying the particular counts in which the constable was found to have been in default. Such a find-

ing in the verdict of a jury has been held to be erroneous. *State ex rel. v. Dulle*, 45 Mo. 270; *Mooney v. Kennett*, 19 Mo. 551; *Clark's Adm'x v. Railroad*, 36 Mo. 215. When several distinct causes of action are stated, the same reasons for separate findings would seem to apply to a referee as to the verdict of a jury. In each case a defendant has the right to know the amount of his liability on each cause of action submitted to the jury or referee. The petition contained about one thousand, six hundred independent causes of action. The general finding is for less than half the amount claimed. Defendant has no means of knowing on which he is held liable. The objection was raised by a motion in arrest of judgment, and should have been sustained. The judgment is reversed and the cause remanded.

ROBINSON and BRACE, JJ., concur. BARCLAY, P. J., dissents.

### IN BANC.

PER CURIAM.—The foregoing opinion, filed in the first division by MACFARLANE, J., is now adopted as the opinion of the majority of the Court *in Banc*. The judgment is therefore reversed, and the cause remanded, all the judges concurring except BARCLAY, C. J., who dissents.