MACON COUNTY LEVEE DISTRICT No. 1, RESPONDENT, v. G. A. GOODSON, APPELLANT.*

Kansas City Court of Appeals. November 11, 1929.

132

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 881, p. 976, n. 27; Courts, 15CJ, section 519, p. 1094, n. 71; Levees and Flood Control, 36CJ, section 32, p. 1009, n. 68; section 78, p. 1025, n. 53; Payment, 48CJ, section 129, p. 665, n. 18; section 132, p. 666, n. 26.

*John V. Goodson* for appellant.

*Ed. S. Jones* and *Otho F. Mathews* for respondent.

BARNETT, C.—This is a suit to recover delinquent taxes. Plaintiff is a levee district organized under Article 9 of Chapter 28, Revised Statutes 1919. The petition for the organization of the levee district was filed on the 19th day of February, 1921. Defendant is the owner of 329 acres of land within the boundaries of the district which he had acquired by a deed which was recorded with the recorder of deeds of Macon County, Missouri, before the petition for organization was filed. The petition for the formation of the levee district alleged the owners thereof to be Missouri Goodson and Grandison Goodson, the mother and father of defendant who had owned the real estate, but had deeded it to defendant. Upon the filing of the petition the clerk of the circuit court gave notice by causing publication to be made according to Section 4598, Revised Statutes, 1919. The notice did not name any landowners, but provided that "notice is hereby given to all persons interested in the following described real estate and other property in Macon County, Missouri." This was followed by a description of various parcels of real estate as set out in the articles of association, including a correct description of defendant's real estate. Commissioners were appointed and when their report had been filed the circuit court made a finding that the estimated cost of work and improvements exceeded the estimated benefits, and dissolved the district according to the provisions of Section 4633, Revised Statutes 1919. A preliminary tax of

twenty-five cents per acre had been levied by the board of supervisors of the district pursuant to Section 4608, Revised Statutes 1919, to be used for the purpose of paying expenses incurred or to be incurred in organizing the district; but when the district was dissolved it was found that this tax was insufficient to pay all of the costs and obligations incurred in behalf of the district by the board of supervisors, and the board then levied an additional uniform tax of fifty cents per acre for the purpose of paying the balance of such costs.

This additional tax was not paid upon the lands belonging to defendant and suit was brought for the collection of the tax by the foreclosure of the lien upon his real estate.

Judgment was rendered for the plaintiff and defendant has appealed.

### OPINION.

Appellant contends that there is no statutory authority for the levy of an assessment in excess of twenty-five cents per acre per year for preliminary work or to pay costs and expenses created when the district is dissolved. Section 4608, Revised Statutes 1919, provides that the board of supervisors shall levy a uniform tax of not more than twenty-five cents per acre upon each acre of land and each mile of right of way of all public service corporations within the district to be used for the purpose of paying expenses incurred or to be incurred in organizing the district, making surveys of the same, and assessing benefits and damages, and to pay other expenses necessary to be incurred before said board shall be empowered by subsequent provisions of the statute to provide funds to pay the total cost of work and improvements of the district. Section 4633 provides that if, after determining the objections made to the commissioners' report, the court shall find that the estimated cost of works and improvements as reported by the board of commissioners, or as amended by the court, exceed the estimated benefits, the court shall then render its decree determining the incorporation of the district to be dissolved as soon as all costs incurred, including all obligations and debts made in behalf of the district by the board of supervisors, and court costs shall have been paid, and if the uniform tax levied under the provisions of Section 4608 be found insufficient to pay all such costs the board of supervisors shall make such additional uniform tax levy as will be necessary to pay such deficiency.

The statutory authority to levy the additional tax is quite plain. The restrictions on the power of the board of supervisors to levy a tax oftener than once a year have reference to the taxes to be levied when the corporation continues in existence. There is nothing in the statutes which justifies the conclusion that it was the

134

intent of the Legislature to require a district to continue in existence for another year at added expense for the sole purpose of levying the tax necessary to pay its debts incident to a dissolution.

It is next contended that Section 4597, Revised Statutes 1919, provides that the articles of assocation shall state the names of the owners of the land in the district, together with a description of the land owned by each, and that when the name of the owner of any of said lands is unknown this fact shall be set out in the articles of association; that this requirement is jurisdictional and that omission of defendant's name as the owner of the lands in question is fatal to a recovery. In the cases of Barnes v. Construction Co., 257 Mo. 175, and State ex rel. Coleman v. Blair, 245 Mo. 680, it was held that a notice which sufficiently described the real estate and which was directed to certain named persons and to ''all other persons who own or have any interest in or to the following described real estate'' was sufficient. In the Barnes case it was contended that the county court acquired no jurisdiction over the owner of certain tracts of land in the drainage district because the land was alleged to belong to one D. W. Hutson, who was dead when the petition to organize the district was filed, Hutson had conveyed the title to the land in question in his lifetime, but the notice complied with Section 5587, Revised Statutes 1919, and was directed to certain named persons and to all ''other persons owning lands to be affected by the proposed drainage district.'' The court held that this notice was sufficient to give the court jurisdiction over each and every person owning lands within the drainage district and that the owners of the lands which had belonged to D. W. Hutson were accorded every opportunity required by law to appear and resist the judgment of the court.

The case of State ex rel. Coleman v. Blair, supra, was an action to collect taxes levied by a drainage district. In that case it was held not necessary in the notice to landowners to designate every person appearing by the deed records to be an owner of lands within the district, because the notice, in addition to the names returned by the viewers, also designated ''generally, all other persons whose lands will be affected by the proposed improvements.''

Section 4598, Revised Statutes 1919, which provides for notice in levee district proceedings does not require that any person be specifically designated by the notice, but only provides that it be directed to all persons interested in the described real estate.

Appellant calls our attention to the case of North Kansas City Levee District v. Hillside Security Co., 268 Mo. 654. In that case the owner's name was not given in the articles of association nor was his land described therein. Of course, that owner was not ''interested in the described real estate'' and the statutory notice was therefore not given to him.

In the case of State to use of Douglas v. Arcadia Timber Co., 178 S. W. 93, the Supreme Court held that under section 5587, Revised Statutes 1909, the notice was fatally defective which was directed to Arcadia Realty Company as owner, while the correct name of the owner was Arcadia Timber Company. The statute provided that the county clerk should issue a notice, directed by name, to each person returned by the engineer and viewers as the owner of each lot or parcel of land affected by the proposed improvements or of any interest therein, and also by name to all others who may in any manner be affected if owning such land, or any part thereof, or any interest therein, and also generally to all other persons, without mentioning their names, who may own such land, or any part thereof, or any interest therein.

The Supreme Court held that the rule announced in State ex rel. Coleman v. Blair, supra, did not apply because the plat made by the engineer and filed with the report of the viewers showed the correct name of the defendant marked on each tract of land on which the taxes sued for were levied. Notwithstanding the fact that the name thus correctly appeared, the clerk disregarded the mandate of the statute that the notice should be directed by name to each person returned by the engineer and viewers as owners. It is plain that this case does not overrule the case of State ex rel. Coleman v. Blair, supra, and has no application here because there is no requirement that a levy district organized by a circuit court in proceedings instituted in 1921 shall designate any owner by name.

We are of the opinion that the petition or articles of association which correctly described the real estate in the district and which purported to give the names of the owners thereof conferred jurisdiction of the subject-matter upon the circuit court, and that the notice directed to all persons interested in the described real estate gave the court jurisdiction of the person of the defendant.

Appellant claims that there was no proof of any benefit to appellant's land, and that proof of such benefit is essential to a special assessment. This assessment was not levied to pay the expenses of building the levy or other improvements, but to pay the expense of the organization and subsequent disorganization of the district, all of which was incident to the determination of the question as to whether or not the proposed improvement was worth what it would cost. The Supreme Court of Missouri has held that the provision of the law providing for a preliminary uniform tax upon each acre of a drainage district which has been incorporated by a preliminary decree is valid. The court held that it was necessary that expensive preliminary work be done because in some instances the entire enterprise might depend upon information so acquired; that it was to the interest of all concerned that the fact should be ascertained at the earliest moment and with the least possible expenditure; that

the preliminary work was for the purpose of relieving those who should be found to receive the least benefit from the execution of the contemplated plan from an unjust burden as well as to obtain such data that the cost might be imposed upon those who in equity ought to bear it; that those relieved would in this way become, to that extent, the real beneficiaries. The court held that the attack upon this preliminary tax upon the ground that no judicial finding of benefits was required was unsound. [Houck v. Drainage District, 248 Mo. 373.] This decision was affirmed by the Supreme Court of the United States. [Houck v. Drainage District, 239 U. S. 254.]

The tax which is levied when the district is dissolved is of exactly the same nature as the preliminary uniform tax. If the preliminary tax may be levied without any judicial finding of benefits, then there may be an additional levy if the first levy has not produced sufficient money to pay the expenses of ascertaining whether or not the proposed improvement is feasible.

It is contended that there was no allegation in the petition that the taxes had been returned delinquent by the county collector. It is alleged in the petition that the board of supervisors levied the tax on the 27th day of February, 1924, and that the same became delinquent on the 27th day of December, 1925. This is sufficient after judgment.

It is stated in appellant's brief that the levy tax book was not verified by the affidavit of the county collector as required by Section 4617, Revised Statutes 1919. The levy tax book was introduced in evidence without objection upon the part of defendant and this point is not preserved by the motion for new trial. It is not before us. Appellant's contention that there was no proof that the tax was not paid is without merit. Payment is an affirmative defense. It is only necessary to allege nonpayment in cases where plaintiff sues for a breach of contract and the breach consists of nonpayment. [State v. Peterson, 142 Mo. 526.]

Appellant contends that Sections 4608 and 4633, Revised Statutes 1919, contravenes several provisions of the State and Federal Constitutions. This case was appealed to the Supreme Court and that court transferred the appeal to this court for the reason that appellant had not saved the constitutional questions in his motion for new trial. This court may not pass upon the constitutional questions and may not transfer the appeal to the Supreme Court because that court has already held that the constitutional questions are not properly saved.

The judgment should be affirmed. The commissioner so recommends. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of Barnett, C., is adopted by the court. The judgment is affirmed. *Bland* and *Arnold, JJ.*, concur; *Trimble, P. J.*, absent.