Frank P. SEBREE, Administrator with Will Annexed of the Estate of Sarah Rosen, Deceased, Morris Rosen, Rose Silverman and Meyer Rosenwasser, Appellants-Respondents,

v.

Jacob ROSEN, Jacob Rosen, As Trustee of the Trust Estate Created under and by Virtue of the Purported Inter Vivos Trust Agreement of Pete Rosen and Sarah Rosen, dated May 22, 1952, and Trust Agreement Supplements Thereto dated July 24, 1953, and February 27, 1954, Jacob Rosen, As Executor of the Estate of Pete Rosen, Deceased, Betty Rosen, et al., Respondents-Appellants.

No. 49887.

Supreme Court of Missouri,

Division No. 2.

Jan. 13, 1964.

Daniel S. Millman, Terence M. O'Brien, Kansas City, for plaintiffs, appellants-respondents.

Arthur J. Kase, Walter Raymond, Kansas City, for defendants, respondents-appellants.

STORCKMAN, Presiding Judge.

This is the second appeal in an equity suit involving controversies among the children of Pete and Sarah Rosen concerning property of their deceased parents. The first amended and supplemental petition consisting of fourteen counts sought to cancel and set aside an inter vivos trust agreement, supplements thereto, deeds and agreements, and to recover money, real and personal property, and for other relief. From the judgment rendered at the first trial, cross-appeals were taken and this court on review of the judgment affirmed in part and reversed in part. Sebree v. Rosen, Mo., 349 S.W.2d 865, 892. Three counts, including Count VIII, were reversed and remanded to the trial court. The present appeal is from the judgment and decree on Count VIII rendered November 13, 1962, following the remand. Reference is made to the original opinion for a complete statement of the facts developed at the first trial and the issues decided on appeal. For present purposes we are concerned only with Count VIII.

In Count VIII of the first amended and supplemental petition, the administrator of the estate of Sarah Rosen, deceased, and certain of the children alleged the existence of a fraudulent conspiracy among the defendants Jacob Rosen, Betty Rosen, Sue Hyken, Carl Hyken, Mary Bodney and Bernard Bodney to influence Sarah Rosen unduly and to coerce and trick her into executing a written document dated July 13, 1954, referred to as the "forgiveness agreement" purporting to forgive, release, and annul various notes and receivables of the face amount of $46,000, which belonged to Sarah Rosen in her lifetime and thereafter were assets of her estate. Further, the count sought to set aside a purported warranty deed to Mary Bodney of certain real estate which was the subject of an option contract and on which there remained an unpaid balance which constituted a receivable described in the forgiveness agreement, and to set aside all purported satisfactions of said receivables

including the contract of sale and cancellations of deeds of trust securing the receivables and to restore the obligations to full validity and enforceability against the respective makers and for ancillary relief. 349 S.W.2d 871–872.

At the first trial the judgment on Count VIII was in favor of the defendants, but on appeal this court found that the forgiveness agreement and the related transactions were fraudulent and void. The judgment was reversed and Count VIII was remanded. In doing so, this court at 349 S.W.2d 883 stated that the judgment on Count VIII was reversed and the cause was "remanded with directions to enter judgment in conformity herewith." Further, at page 892 of 349 S.W.2d, the opinion states that the three counts, including Count VIII, were reversed and "said counts remanded for further proceedings in conformity herewith."

After remand of the cause, the plaintiffs filed a motion for entry of a separate judgment and decree on Count VIII and attached thereto a form of judgment and decree which they sought to have entered. Neither party undertook to amend the pleadings. At the hearing on plaintiffs' motion, the plaintiffs offered no evidence; the defendants, over the plaintiffs' objection, offered evidence bearing on the balance due on the six promissory notes and the Bodney option contract. The judgment and decree entered on Count VIII followed the format and substance of the decree tendered by the plaintiffs except that it gave credits for payments made on the notes and option contract generally in accordance with the proof offered by the defendants. From this judgment both parties have again appealed. The plaintiffs contend that they are entitled to recover an additional amount of $21,-005.44 by way of principal and interest on the six promissory notes and an additional sum on the Bodney option contract. The defendants' appeal asserts that the trial court erred in decreeing an excessive amount of interest contrary to the terms of the notes.

The plaintiffs make four principal contentions and numerous subsidiary ones, some of which overlap or are so related that they may properly be treated together. The first general assignment is that the reversal and remand of the judgment on Count VIII was with directions in the opinion and mandate which required the trial court to enter judgment without considering "new issues or additional evidence" as to the balance due on the promissory notes and that the trial court was without jurisdiction to do otherwise than to enter the judgment directed. On the other hand, under their fourth point, the plaintiffs contend that the equity court on remand had jurisdiction to declare that the Bodneys had defaulted under their option contract and forfeited the money paid thereunder, and that the court had discretion to award the plaintiffs the full value of the real estate and its reasonable rental value since July 1954 when the forgiveness agreement and the warranty deed were executed and the Bodneys stopped making monthly payments on the option contract. There can be but little dispute as to the legal principles involved. In some instances the parties cite and rely upon the same cases. The primary differences relate to the proper construction of the opinion and mandate.

As we have previously noted, the opinion, after deciding the issues presented with regard to Count VIII, stated that the judgment was reversed and the count "remanded with directions to enter judgment in conformity herewith." 349 S.W.2d 883. At the conclusion of the opinion, the direction was "for further proceedings in conformity herewith." The mandate which transmitted the opinion to the trial court concludes with the statement that "the said cause be remanded to the said Circuit Court of Jackson County for further proceedings therein on said Counts III, VII, and VIII, in conformity with the opinion of this court herein delivered." If there were specific directions to enter a particular judgment, it must be found in the above statements and the treatment of the issues on Count VIII ac-

tually presented on appeal and decided by the opinion.

■ Where a judgment is reversed and remanded with specific directions to enter a particular judgment, the mandate is in the nature of a special power of attorney and must be followed by the trial court without deviation, but the rule is not applicable where a judgment is reversed and remanded for further proceedings in accordance with the opinion because in every case of remand further proceedings should be "in accordance with the opinion" whether or not that admonition is appended. Murphy v. Barron, 286 Mo. 390, 228 S.W. 492, 494 [2]; Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718, 721 [1–3]; Feinstein v. McGuire, Mo., 312 S.W.2d 20, 23–24 [1–3].

On the previous appeal, the only issues presented as to Count VIII (as shown by the briefs of the parties) were that the forgiveness agreement and the "deed from Sarah to Mary Bodney for 5th and Minnesota" were invalid and that the notes, deeds of trust and option contract were valid and outstanding obligations. These issues were decided in favor of the plaintiffs and became res judicata although the opinion did not undertake to spell out the particulars of the judgment to be entered on remand. Nevertheless, the trial court strictly complied with the opinion and mandate in this regard. The first eight paragraphs of the new judgment and decree are largely devoted to setting aside the previous judgment of the trial court and entering a judgment on the matters as to which the opinion was conclusive. Paragraph 8 of the judgment further provided that "the beneficiaries, the trustees and, where appropriate, the successor trustees, in each of said deeds of trust are hereby given leave of court and authorized to enforce said deeds of trust by foreclosure and otherwise; and all such purchasers and encumbrancers and their agents, and defendants and their agents are hereby enjoined from interfering with the enforcement and foreclosure of said deeds of trust." In haec verba this is

the provision requested in the judgment form attached to plaintiffs' motion for judgment. Thus, it would appear that the plaintiffs intended to keep alive their alternative remedy of foreclosing the real estate liens and suing for any deficiency established by a sale of the property.

■ The plaintiffs' primary object at the first trial of Count VIII (and necessarily so) was to revitalize the notes, deeds of trust, and other instruments which the forgiveness agreement purported to satisfy and cancel. The record discloses that neither party presented or developed his position as to the amount due on the promissory notes or the Bodney option contract. No relief in this regard was requested or decided in the appellate court. In fact the evidence in the record was insufficient to make these determinations. Since the opinion on the first appeal was not dispositive of these issues, their determination by the trial court on remand was within the scope of further proceedings contemplated by the opinion. The opinion and mandate did not give specific directions to enter a particular judgment as to the amount due on the notes and the option contract, and the trial court was vested with jurisdiction to hear evidence and adjudicate the issues. Davison v. Arne, Mo., 248 S.W.2d 582, 584 [1]; Mann v. Mann, Mo., 193 S.W.2d 492, 494 [3]; Feinstein v. McGuire, Mo., 312 S.W. 2d 20, 25 [5]; Hoelzel v. Chicago, R. I. & P. Ry. Co., 340 Mo. 793, 102 S.W.2d 577– 578 [1]; 5B C.J.S. Appeal and Error § 1973, p. 604.

■ The plaintiffs' next assignment is that the trial court erred in hearing and giving consideration to evidence of purported payments on the promissory notes because the defense of payment is not affirmatively pleaded. The present transcript is anomalous in that it contains no pleadings by either party or evidence on behalf of the plaintiffs. This is consistent with plaintiffs' position in the trial court on remand but mistakes the effect of our prior opinion. The motion for judgment was sufficient to

justify entry of judgment on the purely equitable issues adjudicated on the previous appeal; however, the money judgment is without support in pleading or evidence unless the plaintiffs have access to the transcript on appeal from the prior judgment. There is no stipulation to that effect and there was no effort made to comply with § 492.410, RSMo 1959, V.A.M.S., which provides that competent evidence which has been preserved in a transcript of a record may thereafter be used in the same manner and like effect as if such evidence has been preserved in a deposition subject to the right of the opposite party to prove matters contradictory thereof. Eickmann v. St. Louis Public Service Co., Mo., 323 S.W. 2d 802, 808 [12].

■ The plaintiffs have forwarded to this court several exhibits including photocopies of the six notes and the deeds of trust securing them and the original of the option contract. All of the notes were payable in monthly installments. None of them were introduced in evidence on the present hearing, but the plaintiffs refer to the previous transcript on file in this court where they were identified and admitted in evidence. This falls short of the pleading requirements of Civil Rules 55.24 and 55.25, V.A.M.R. which provide that in a suit on a written instrument the instrument in question shall be set out at length in the pleading or a copy thereof attached as an exhibit if execution of such instrument is to be deemed confessed absent a specific denial.

■ Our knowledge of the pleadings is also gained at the parties' invitation from an examination of the transcript in the previous case. The fact is that neither party has faithfully complied with the usual pleading requirements in a suit at law on a promissory note. In this state of the record, the trial court might very well have required supplementary pleading and proof accordingly as the price of granting complete relief in equity under the motion for judgment. Trimble v. Wollman, 71 Mo.

App. 467, 484 [5]. This court would be justified in reversing the judgment and again remanding the cause for the same reason. See City of St. Joseph v. Roller, Mo., 363 S.W.2d 609. But the defendants made no objection in the circuit court to this procedure and present no such question here. In these circumstances, we will not raise the question of our own accord, but the status of plaintiffs' pleading must be considered in determining what is required of the defendants.

■ Count VIII alleges the equitable grounds upon which cancellation of the forgiveness agreement was sought and a copy of that instrument was attached. But the count bears no resemblance to the usual suit at law on a promissory note. Among other omissions noted, the petition fails to state that no part of the notes has been paid or that the balance due is so much. Paragraph 9 of the prayer of Count VIII requests that the "plaintiffs have judgment against said defendants for the amounts of such promissory notes, with interest until paid" but does not give the amount demanded or specify the rates of interest. The prayer also asks for declaratory and general relief. The defendants' answer makes specific denials of the allegations of Count VIII and prays for dismissal with prejudice but does not affirmatively plead payment or part payment. While the matters referred to may not be necessary allegations in the absence of objection, an examination of Count VIII points up the fact that the plaintiffs' dominant purpose at the first trial was to set aside the forgiveness agreement and to re-establish the notes, the deeds of trust, and the option contract. Those were the issues upon which jurisdiction in equity depended. Equitable rights must be both pleaded and proved before purely legal rights will be determined. Burnett v. Johnson, Mo., 349 S.W.2d 19, 22–23 [3]; Krummenacher v. Western Auto Supply Co., 358 Mo. 757, 217 S.W.2d 473, 475 [1]. In view of the judgment against the plaintiffs on the equitable issues of Count VIII at the first trial, there was no

need or opportunity to litigate the amount due on the notes and option contract.

■ A suit on a promissory note is ordinarily an action at law, but where, as here, a court of equity once acquires jurisdiction, it can retain jurisdiction to do full and complete justice even though the additional relief involves adjudicating matters of law and rendering a money judgment. Anison v. Rice, Mo., 282 S.W.2d 497, 502 [4]; Louis v. Andrea, Mo., 338 S.W.2d 96, 104 [13]. The fact that a court of equity has jurisdiction to dispose of legal issues presented under Count VIII has a bearing upon the procedure permitted. In support of their contention that payment must be affirmatively pleaded and that evidence of payment is not admissible under a general denial, the plaintiffs cite Civil Rule 55.10 and several decisions in actions at law. Neither party has cited an equity case decisive of the precise pleading.

: ■ . The plaintiffs have come into equity for affirmative equitable relief and no principle of equity is better settled than the maxim that he who seeks equity must do equity. Citizens Bank of Pleasant Hill v. Robinson, 342 Mo. 697, 117 S.W.2d 263, 271 [13]. The enforcement of this equitable principle is not dependent on the form of pleading and courts of equity apply the maxim in granting relief on such conditions as are just and proper and as the exigencies of the situation demand. Milanko v. Austin, 362 Mo. 357, 241 S.W.2d 881, 884; Stephenson v. Stephenson, 351 Mo. 8, 171 S.W.2d 565, 569 [15]; Jones v. McGonigle, 327 Mo. 457, 37 S.W.2d 892, 895 [7], 74 A.L.R. 550.

■ Count VIII of plaintiffs' petition lacks specificity as regards the claims on the notes and option contract which they now seek to enforce. Nevertheless, the prayer for a declaratory judgment respecting the matters referred to in the count and for general relief are sufficiently comprehensive to include and permit a showing of the payments made by defendants on the obligations. Furthermore, the plaintiffs made no showing of surprise or prejudice. In these circumstances, the court did not err in admitting and considering defendants' evidence as to payments made on the notes and the option contract. Civil Rule 55.26; Cox v. Bryant, Mo., 347 S.W.2d 861, 863 [2, 3]; King v. Guy, Mo.App., 297 S.W.2d 617, 621 [3]; City Investing Company v. Davis, Mo., 334 S.W.2d 63, 68 [2, 3]; Byers v. Lemay Bank & Trust Company, 365 Mo. 341, 282 S.W.2d 512, 518 [9].

The plaintiffs' next assignment is that the defendants did not sustain their burden of proving payments in that the evidence "on the issue was incompetent, inadmissible, insufficient, inconclusive, confused, and without the necessary probative effect." On this issue we assume, as the plaintiffs contend, that the defendants had the burden of proving the defense of partial payment by a preponderance of the evidence. In part the evidence offered by the defendants consisted of the testimony of Hamilton Moffett, a realtor, and another, who managed and operated certain properties of Pete and Sarah Rosen and their children. Mr. Moffett produced ledger sheets and cancelled checks showing receipts and disbursements made in connection with the property which were properly identified and admitted in evidence under The Uniform Business Records as Evidence Law, § 490.-680, RSMo 1959, V.A.M.S. These records, 166 in number, were forwarded to this court along with other exhibits. Mr. Pete Rosen told Mr. Moffett that he had the income from all the properties paid to him so that he could deduct what the children owed him and remit to them the balance. The witness testified that Mr. Rosen was in his office nearly every day where he would get the checks from Mr. Moffett and figure out the settlements with his children. Shortly before his death on June 14, 1954, as he had done on previous occasions, Mr. Rosen told the witness that the children were current with their obligations. Dusenbery's Estate v. Stamm, Mo.App., 255 S.W.2d 57, 61 [5]. Mr. Moffett was the defendants' most important witness but the plaintiffs did not

cross-examine him. A copy of the federal estate tax return prepared and filed by the plaintiff Sebree, as administrator of the estate of Sarah Rosen, was also admitted in evidence. The finding of the trial court as to the amount due on the notes was in accordance with the indebtedness listed by her administrator in the federal estate tax return.

We review the evidence de novo and make our own findings giving deference to the opportunity of the trial court to determine the credibility of witnesses. Spaeth v. Larkin, Mo., 325 S.W.2d 767, 771 [3]. Except in their reply brief, the plaintiffs did not particularize any respects in which the evidence was insufficient. Nevertheless, we have considered the entire record including the exhibits and find that the defendants proved by a preponderance or greater weight of the evidence the payments credited by the trial court on the promissory notes and option contract. The claim of error is denied.

The plaintiffs' final assignment is that the "trial court erred in failing to grant plaintiffs full relief and recovery * * * on the Kansas real estate against the Bodneys." They refer to the transcript on the previous appeal in which the prayer requests that the deed from Sarah Rosen to Mary Bodney be set aside; this relief was awarded on the previous appeal and is confirmed in the present judgment. The prayer further requests declaratory relief, an accounting of rents and profits, and other and further relief as may be meet and proper. The first difficulty encountered in this regard is that the plaintiffs offered no evidence bearing on these matters. Furthermore, the relief granted is identical in kind to that requested in paragraph 5 of the form of judgment submitted with the plaintiffs' motion for judgment. The only substantial difference is in the amount awarded. The trial court allowed $8,250 instead of the initial option price of $17,000 requested by the plaintiffs, and the court fixed a rental value of $41.25 per month for a total of $4,083.75, whereas the plaintiffs had asked for an accounting to determine the reasonable rental value. The plaintiffs, however, are hardly in a position to complain because they offered no evidence and their post-judgment motion was not for a new trial but to amend the judgment and decree by increasing the money awards to the amounts specified in the form of decree submitted with the plaintiffs' motion for judgment. In view of this situation, many of plaintiffs' contentions are inconsistent or beside the point. Some are raised for the first time on appeal and have no basis in the pleading or evidence. For example, the prior appeal had the effect of reviving the option contract, 349 S.W.2d 883, and now, without pleading or proof, the plaintiffs are claiming a default and asking for a forfeiture of the payments made thereunder. In this instance, proof of nonpayment is a part of plaintiffs' claim of default and forfeiture. Macon County Levee Dist. No. 1 v. Goodson, 224 Mo.App. 131, 22 S.W.2d 651, 653–654 [8].

The option contract is on a printed form, evidently indigenous to the state of Kansas where the property is located. The draftsmanship is obviously not professional. This agreement between Pete Rosen and Sarah Rosen, as first parties, and Bernard Bodney and Mary Bodney, as second parties, recites the payment of $2,000 in consideration of which the first party grants an option until January 1, 1947, to purchase the described property for $17,000 and agrees that second party may extend the option to January 1, 1967, by paying $75 per month. Then, handwritten in ink, is this statement: "Payments as follows: Two Thousand dollars is paid on option, fifteen Thousand dollars balance to be paid monthly. Seventy-Five dollars which [words inked out] until the fifteen Thousand is paid out in full." The remainder of the lengthy form consists of printed stipulations and conditions, some of which contain blanks that have not been filled in. Among other things, the contract provides that the Bodneys, as optionees, may take possession

on January 1, 1947, and occupy it in person or by tenant during the time the option is in force "free from rent"; that if the Bodneys exercise their option and purchase the property while the option is in force they shall receive credit on the purchase price for all payments made; and that the optionees were not obligated to purchase the property or pay any sum except certain items such as insurance, special assessments and taxes if they occupy the premises. But the plaintiffs assert that the Bodneys are in default, that the option provides that time is the essence of the agreement and, in event of default, all payments made by second party shall be forfeited to the first party, and "first party shall have the right to immediately enter upon said real property and take possession thereof", and that no court shall in any respect relieve the second party from strict compliance.

■■■■ The plaintiffs argue that, since an optionee cannot recover back the consideration where he fails to purchase through no fault of the optionor, the Bodneys are not entitled to credit for the amount paid under the contract. The payment of $2,000 at the time the contract was executed and the handwritten provisions for the payment of the balance of $15,000 at $75 per month, along with the failure to fill in some parts of the printed form, give this a somewhat different complexion than the usual option contract, but we need not determine its effect under Kansas law where the real estate is situated. The fact that the plaintiffs are seeking a forfeiture in equity disposes of this and related contentions. Equity abhors forfeitures and they are not favored at law. Haeffner v. A. P. Green Fire Brick Co., Mo., 76 S.W.2d 122, 125–126 [2]. Ordinarily, the only concern a court of equity has with the subject of forfeiture is to prevent one where conditions are such as to render it inequitable to allow a forfeiture to be enforced. Trendley v. Illinois Traction Co., 241 Mo. 73, 145 S.W. 1, 7 [6]. We find nothing in the record before us which justifies a departure from these equity rules. See Swain v. Maxwell, 355 Mo. 448, 196

S.W.2d 780, 786 [20], and Edmonson v. Waterston, 342 Mo. 1082, 119 S.W.2d 318, 320–321 [4, 5]. Furthermore the parties cannot by their contract oust the court of jurisdiction. Cook v. Brotherhood of Sleeping Car Porters, Mo., 309 S.W.2d 579, 591 [13].

Under this point, the plaintiffs state in their reply brief that "the error of the trial court in this portion of its judgment was in holding that the market value of the property was only $8,250.00 instead of $17,000.00, with the resulting inadequate basis for rental value or the alternative of interest on the judgment." We may assume that the market value of the real estate was $17,000 at the time the option contract was executed, but that is not determinative of the present question. There was $2,000 paid by the Bodneys to Pete and Sarah Rosen at that time and the balance of $15,000 had been paid down to $8,250 at the time the abortive forgiveness agreement was executed in July 1954. The trial court had jurisdiction to conduct a hearing and to render the kind of judgment it did; the court did not err in refusing to render judgment against the Bodneys in the additional amount requested by the plaintiffs.

As we have stated, the plaintiffs do not seek a new trial but only that the amount of the money awards be increased by the court. We have examined all of plaintiffs' suggestions as to why and how this should be done and find them to be without support in the record before us and therefore without merit.

■■■■ The only assignment of error made by the defendants' appeal is that the "court erred in decreeing interest due upon notes contrary to the terms of such notes." Accompanying this is the abstract proposition of law that courts, including courts of equity, cannot rewrite the terms of a contract entered into by the parties. No one disagrees with this statement of the law.

■■■■ The defendants assert that under the provisions of § 408.020, RSMo 1959,

V.A.M.S., a "demand of payment" must be made before the statutory rate of interest can accrue and no demand was shown. A promissory note which provides when the indebtedness evidenced thereby becomes due and payable is a written agreement within the purview of § 408.020 and a demand of payment is not necessary to start the accrual of interest under the statute. Douglass v. Douglass, Mo., 363 S.W.2d 566, 571; Neosho City Water Co. v. City of Neosho, 136 Mo. 498, 38 S.W. 89, 91–92; Doerflinger Realty Company v. Fields, Mo.App., 281 S.W.2d 609, 613 [7]. There is no showing that interest was allowed contrary to the terms of the notes and the court did not err in allowing interest without demand.

In the written argument the defendants assert that the Bodney option contract provides in specific terms that no interest was to be paid and that interest was assessed contrary to the contract terms. Aside from the fact that the assertion is not supported by the evidence, the contention is rejected because the matter is not properly preserved for review in that it was not referred to in the points and authorities as required by Civil Rule 83.05(a) (3) and (e). Clemons v. Becker, Mo., 283 S.W.2d 449, 452 [5]; Sandler v. Schmidt, Mo., 263 S.W.2d 35, 38 [1]. The defendants make a similar objection to the entire point which, as in many other briefs, shows little regard for Civil Rule 83.05. This rule is printed on the first page of the docket of cases sent to each attorney under the admonition to read the rule carefully before preparing briefs. The court is reluctant to invoke the rule if there is some semblance of compliance, but we repeat that a faithful following of the rule would be beneficial to counsel as well as the court. The appeal of the defendants affords no basis for relief.

In two respects, not mentioned by either appellant, the judgment should be corrected and clarified. In paragraph 14 of the separate judgment and decree on Count VIII entered November 13, 1962, the date of the note executed by Carl R. Hyken and Sue Hyken, Jacob Rosen and Betty Rosen, is given as December 1, 1950. The date of execution should be October 25, 1950, according to plaintiffs' exhibit 48 and item two of Schedule G in defendants' exhibits 167 and 170. December 1, 1950, is the date when the first monthly installment was due. The judgment should be amended accordingly to prevent confusion and further controversy.

Paragraph 5 of the judgment cancels the deed from Sarah Rosenvasser to Mary Bodney dated June 26, 1954, and recorded July 19, 1954, in accordance with the directions of the opinion on the prior appeal. 349 S.W.2d 883. The paragraph then provides for alternative relief. The Bodneys are ordered to reconvey by special warranty deed as of July 19, 1954, and pay the specified rental value within ten days or, if this is not done, the plaintiffs will have judgment against the Bodneys for $8,250 with interest as stated. The first alternative contemplates that title will be revested in Sarah as of July 19, 1954; the second that the Bodneys will acquire the title upon satisfaction of the money judgment. As the judgment and decree now stands, the cancellation of the deed from Sarah to the Bodneys will remain in effect in either event. Under the second alternative, the part of the decree cancelling Sarah's deed might constitute a cloud on the Bodneys' title to the real estate. If the second alternative is the one complied with by the defendants, a suitable order should be made to restore the effectiveness of Sarah's deed to the Bodneys, or Sarah's administrator or her heirs should be required to execute a suitable conveyance to give the Bodneys the sort of title contemplated by the option contract. On remand the trial court will be vested with jurisdiction and discretion to make any order or judgment necessary to accomplish these purposes. In all other respects the judgment should be affirmed.

The judgment as modified is affirmed and remanded.

All of the Judges concur.