**Wilbur R. BECKER, Administrator of the Estate of August F. Eugas, Deceased, Plaintiff-Appellant-Respondent,**

v.

**The SOUTHERN BAPTIST FOUNDATION, a corporation, et al., Defendants-Respondents-Appellants.**

No. 34364.

Missouri Court of Appeals, St. Louis District.

Aug. 15, 1972.

Motion for Rehearing and to Transfer to Supreme Court Denied Sept. 20, 1972.

Application to Transfer Denied Nov. 13, 1972.

Limbaugh, Limbaugh & Russell, Cape Girardeau, for plaintiff-appellant-respondent.

Powell, Ringer & Baker, Dexter, for defendants-respondents-appellants.

DOWD, Presiding Judge.

This is a declaratory judgment action to construe a will, brought by the life beneficiary of a residuary trust. The deceased plaintiff, August Franklin Eugas, was the life beneficiary, and the trust was set up by his aunt, Emma Smith, who died on December 17, 1968. The life beneficiary had lived with the testatrix, and had suffered from certain speech and hearing defects.

The pertinent clauses of her will are as follows:

"ITEM V: All of the rest and residue of my estate * * * I devise to the Southern Baptist Foundation * * * to be held by it in trust, managed and disposed of by it upon the following terms, conditions and limitations:—

\*   \*   \*   \*   \*   \*

"(c) The net income from the trust estate, or so much thereof as may in the discretion and judgment of the Adviser hereinafter named for my nephew, August Franklin Eugas, be deemed necessary and appropriate, which in no event shall be less than Two Hundred ($200.-00) Dollars per month, shall be paid by my Trustee in monthly or other convenient installments to or for the benefit of my said nephew, August Franklin Eugas, during his lifetime, to provide him reasonable support, care and comfort. While it is my desire that my nephew be insured of comfort, support and maintenance by payments of income from this trust, I do not wish such payments to be used for any purpose other than such support and maintenance. I, therefore authorize my Trustee, upon the recommendation of the Adviser for my nephew, to withhold all or such part of the income to which my nephew would otherwise be entitled, as, in the Adviser's absolute discretion will not be so used. My Trustee, upon the recommendation of the Adviser, and on its own volition if there be no such recommendation and the Trustee deems it advisable and proper, may encroach upon the corpus of this trust to meet and defray all medical, surgical or hospital expenses for my said nephew, or to provide additional support which may be necessary or proper, according to his current needs.

"(d) Upon the death of my said nephew, August Franklin Eugas, my Trustee * * * shall then and thereafter divide and distribute the net income from the trust estate as follows:—Seventy-five (75) per cent to the Foreign Mission Board of the Southern Baptist Convention, * * * and the remaining Twenty-five (25) per cent to the Home Mission Board of the Southern Baptist Convention, * * *.

"(e) It is my wish that the rights of the subsequent beneficiaries of my estate, as designated in Subparagraph (d) supra, shall be subordinate to the priority hereby given to my nephew, August Franklin Eugas, during his lifetime. My Trustee, to the extent deemed prudent, and without seeking judicial instructions, shall make determinations freely in favor of my said nephew, even if so doing

would cast into income what otherwise would have to be treated as corpus.

\* \* \* \* \* \*

"ITEM VI: I do hereby appoint the Southern Baptist Foundation of Nashville, Tennessee, as Executor of my will and my estate and direct that it serve as such without bond. I also appoint my friend, Doctor M. Marguerite Fuller, of Cape Girardeau, Missouri, as Adviser for my nephew with the power and authority to perform the duties and powers heretofore provided for in this will."

The dispute out of which this suit arose began on December 27, 1968, ten days after Emma Smith's death. Dr. Fuller was visited by one Dr. Thomas Messer, director of the Baptist Student Center of Southeast Missouri College at Cape Girardeau. There is some financial connection between the Center and the defendant Trustee, Southern Baptist Foundation. Dr. Messer informed Dr. Fuller that shortly before her death, Miss Smith had told him that she wanted him to serve as Adviser, and not Dr. Fuller. Dr. Fuller, who was ignorant of the trust terms and other contents of the Smith will, agreed to resign as Adviser. She did so in writing on December 27, 1968, by means of a statement prepared and sent to her by the defendant Trustee's attorney. There was no successor-adviser appointed.

Thereafter, Dr. Messer apparently served as unofficial Adviser. The Trustee paid the deceased plaintiff the minimum authorized amount of $200.00 per month up to the time of trial on June 11, 1970. On October 14, 1969, Dr. Fuller filed in court an affidavit declaring her wish to serve as Adviser. This was apparently at the request of August Franklin Eugas' brother-in-law, who made known to Dr. Fuller the terms of the Smith will. On November 12, 1969, she requested the Trustee to pay plaintiff $1,300.00 per month, apparently on the advice of the same brother-in-law.

When this demand was refused by the Trustee, the plaintiff filed suit for a declaratory judgment, requesting the Court to construe the will. Specifically, in addition to construing the will, the petition prayed for a finding that the Adviser named in the will had elected to accept her position as such and that the Trustee named in the will had to accept the discretion and judgment of the Adviser as to how much of the net income of the trust estate should be paid monthly to plaintiff. The petition also prayed for a reasonable sum to cover attorney fees.

After a trial at which much testimony was adduced concerning the outside income and other assets of the plaintiff, the Court rendered its decision and entered an order finding (1) that Dr. Fuller had refused to serve as Adviser and could not withdraw her refusal at such a late date, and (2) that August Franklin Eugas was entitled to be paid $500.00 per month by the Trustee. All parties appeal.

■ Defendants' claim here that contentions made in plaintiff's brief are not before us for review because of the failure of plaintiff to file a motion for a new trial. We disagree. This claim was answered by Russell v. Russell, Mo., 427 S. W.2d 471 [1, 2] which held that no motion for a new trial is necessary for appellate review of a case tried without a jury.

Many issues are raised on appeal, most of which are no longer relevant. The plaintiff, August Franklin Eugas, died on January 29, 1972. That fact, together with our decision construing the will, narrows the issues to two: (1) the monthly amount to which the plaintiff was entitled for the 37 months he survived the Testatrix, which now goes to his estate, and (2) the question of attorney fees. A ruling on the issues raised as to the status and person of the Adviser is now superfluous, since the life beneficiary is dead.

■ Essentially, the lower court was asked to construe the will of Emma Smith. It did not do so. We will, therefore, enter the decision which should have been made

by the court below, pursuant to Supreme Court Rule 84.14, V.A.M.R.

█ It is unnecessary to belabor the construction of this will. Subparagraph (c), quoted in full, supra, is perfectly clear. "The net income from the trust estate *or* so much thereof as may in the discretion and judgment of the Adviser * * * be deemed necessary and appropriate * * * shall be paid by my Trustee * * *." (Emphasis ours). By the precise words of the will, the life beneficiary was entitled to the net income from the trust estate *or* such lesser amount as the Adviser decided. Since there was no Adviser, Dr. Fuller having resigned and no one appointed to replace her, the life beneficiary should have been paid monthly the full net income from the trust estate up to the date of his death. Also by the precise words of the will (see clauses "c" and "e", supra), the Trustee was not empowered to pay a lesser amount than the full net income, but could pay a greater amount by invading the corpus. The Adviser had the full and only authority to decide on the lesser amount. No other part of the will alters this clause. This is clear from a simple reading of the will. The Testatrix so intended that the Adviser solely have this power and we must follow her wishes. First National Bank of Kansas City v. Hyde, Mo., 363 S.W.2d 647. See also Section 474.430 V.A.M.S. and cases cited thereunder.

Likewise, we note too, that the ultimate beneficiaries are organizations which have close ties with the Trustee Foundation. It is, therefore, logical for the Testatrix to have placed the sole power of reducing the amount to be paid the life beneficiary in an independent Adviser, and to have restricted the discretion of the Trustee to the invasion of corpus for the sole purpose of increasing the amount over and above the net income. The logic is clearly borne out by the wording of the will, and leaves no doubt as to what the testatrix intended.

Since the testatrix made no mention of outside income or other assets of the plaintiff, and since this would necessarily arise only in connection with the adviser's recommendation as to the amount to be paid, it is unnecessary to consider this issue raised by defendants. The wording of the will is clear and unambiguous.

█ The only other issue before us is the question of plaintiff's attorney fees, prayed for in the petition, but not ruled on by the lower court. The record on appeal discloses that neither party presented or developed a position as to this issue. The evidence in the record is insufficient to make a determination. Therefore, in this equity case, we are remanding to the trial court for further proceedings as to this issue. Sebree v. Rosen, Mo., 374 S.W.2d 132 [3].

Accordingly the judgment of the lower court is reversed, and the case is remanded for findings in accordance with our decision as follows: (1) determination of the amount of net income from the trust estate up to the date of plaintiff's death. The estate of August Franklin Eugas is entitled to the difference between the monthly sum paid him during his lifetime and the net income from the trust estate; (2) determination of the issue of attorney fees, and if the plaintiff be deemed entitled to this award, determination of a reasonable amount for said fees. Judgment to be entered by the trial court accordingly.

SMITH, and SIMEONE, JJ., concur.